Faulk *v.* The Central Railroad and Banking Company.

Though a boy twelve or thirteen years of age may have capacity to know that it is dangerous to climb over the bumpers of a standing freight-train having a locomotive attached to it, yet where the train obstructs a public crossing contrary to a city ordinance, and the flagman stationed by the railway company to guard the crossing and tell the public when to cross and when not, invites such a boy, who has been delayed by a standing train, to cross over the bumpers, it is not negligence in the boy to act on the invitation, inasmuch as he might well assume that the flagman had assured himself the train would stand still long enough for the invitation to be complied with safely. It was consequently error to charge the jury: "If you further believe he had the capacity I have just described [capacity to know the danger of crossing between the cars] and had the capacity and intelligence to understand the risks, and to know the danger of going between the cars that had the engine attached to it, and with that knowledge, the flagman of the company suggested to him to go, or directed him to go across, and he, with that knowledge of his own, acted still on the flagman's suggestion, he would not be entitled to recover."

March 20, 1893. Argued at the last term.

Before Judge Miller. Bibb superior court. November term, 1891.

Action of Faulk by next friend, for damages from personal injuries. The verdict was for the defendant, and the plaintiff's motion for a new trial was overruled.

The head-note sets forth the charge excepted to in one ground of the motion.

HARDEMAN & NOTTINGHAM, for plaintiff.

R. F. LYON, for defendant.

BLECKLEY, Chief Justice.

In charging the jury as quoted in the head-note, the court assumed that it would be negligence in the boy to climb over the bumpers and pass between the cars at the flagman's suggestion, if the boy had capacity to know the danger and the intelligence to understand the risk of so doing. If the court referred to the risk and danger which would have been incurred had the flagman said nothing to invite or encourage the boy to climb over the bumpers and pass between the cars, this instruction was irrelevant to the hypothesis with which the court was dealing; and if the reference was to risk and danger which might be expected to attend such an act when done under the prompting of the flagman, the doctrine of the charge is wholly unsound; for little or no danger whatever was reasonably to be expected on account of changing the train from a state of rest to a state of motion before sufficient time had elapsed for doing that by the boy which the flagman suggested to be done. As the flagman was stationed by the railway company to guard the crossing and tell the public when to cross and when not, the boy, whatever his capacity might have been, could well assume that the train would stand still long enough for the suggestion or invitation to be complied with safely, and that the flagman knew or had ascertained with adequate certainty that it would do so. To say the least, it was a question for the jury whether the boy, who was only twelve or thirteen years of age, acted rashly or otherwise in not judging of the situation for himself, and in not deciding that what the flagman's suggestion implied

could safely be done was too hazardous to be undertaken. The jury might have come to the conclusion which we have above indicated, namely : that with the lights before him the boy had good ground for thinking that he took little or no risk whatever in attempting to pass between the cars at the time and in the manner which the flagman had indicated. They might conclude, also, that as the flagman was probably a grown man and was probably familiar with his business, the boy was not to blame, even if his own opinion differed from that implied in the suggestion made to him, since it is not uncommon for men, to say nothing of boys, to yield their own opinion and govern their conduct by that of others having more wisdom and experience than themselves. As a question of probability, the chances are very many that the flagman knew much better than the boy whether it was safe at the particular time and place for the latter to proceed as he did; and it might be possible that the flagman was more surprised than the boy was by the sudden movement of the train.

*Judgment reversed.*