MONTGOMERY *v.* EAST TENN., VA. & GA. RAILWAY CO.

Although obstructing the public street by leaving a freight-train standing across it for a considerable length of time was an unlawful act on the part of the railway company, the company was not liable in damages to one who, in attempting to climb over a flat car which formed a part of the train, put his foot in a stirrup attached to the car and accidentally fell to the ground and, by reason of his foot hanging in the stirrup, was seriously injured. The unlawful act of the railway company was not the proximate cause of the injury, but the same was the result of a pure accident for which the company cannot be held responsible.

August 20, 1894.

Action for damages. Before Judge GRIGGS. Dodge superior court. September term, 1893.

The declaration alleges, that plaintiff is a physician and dependent upon his profession and practice of medicine for support and maintenance, and that defendant has damaged him $10,000 by reason of the following

facts: On October 18, 1887, he bought of defendant a ticket on its road from the town of Chauncey (of which town he was a citizen and resident) to the city of Atlanta, intending to become a passenger on its train due at Chauncey about two o'clock A.M.   Shortly before the time for the train to arrive, he went to the depot where defendant's trains customarily stopped for passengers. The train on which he was to become a passenger was several hours late.   The night was dark; it was raining, and the depot was closed.   Defendant had failed to provide lights at and around the depot, so that persons could see and protect themselves against injury in the rain and darkness; and defendant had standing on its side-track in front of the depot one of its freight-trains which extended many hundred feet above and below the depot, and completely blockaded and obstructed the public street at the depot, and prevented foot travelers and other passers from crossing at the public crossing over the railroad tracks.   While waiting for the passenger-train, plaintiff had important business and was wet and cold, and went to warm and dry himself, when he was called to the other side of the railroad from where he was.   It was dangerous to go around either end of the freight-train (which had been standing there many hours), by reason of the steep embankments, ditches, gullies, holes and precipitous declines on either side of the railroad track at either end of the freight-train.   To avoid said dangers, plaintiff in company with others, some of whom were employees and officers of defendant (who thus had knowledge of all the facts and circumstances), in order to go where he desired endeavored to cross the freight-train at the place where it blockaded the crossing, this being the most advantageous crossing offered, by reason of said blockade; and plaintiff used all possible care and diligence in making said crossing and was entirely free from fault, and

the accident resulted from the failure of defendant to exercise ordinary and reasonable diligence to prevent it; whereby he had his foot caught in an iron stirrup suspended from a flat car, and he was thrown to the ground with his foot hanging in the stirrup, and his right leg was broken in three places, etc. Defendant was entirely to blame for the accident, by stopping up the crossing and failing to provide means for persons to cross the track, by failing to have lights, and by leaving the freight-train for so long a time across the public street in violation of the law, and thus forcing those passing to go across its cars; the surroundings rendering it impossible, or at least more dangerous and hazardous, to attempt to surround the blockading train than to attempt a passage by going over the cars.

J. H. MARTIN, for plaintiff.

DeLACY & BISHOP, for defendant.

LUMPKIN, Justice.

The action of Montgomery against the railway company was dismissed on the ground that no cause of action was set forth in the declaration, and the plaintiff excepted. He further excepted to the consideration by the court of the motion to dismiss, over his objection that it was not made at the appearance term. The contents of the declaration are set forth, in substance, by the reporter.

It has been repeatedly ruled that a motion to dismiss an action may be made and sustained at any term, if the declaration fails to set forth any cause of action whatever. Under the facts alleged, we have no difficulty in holding that the court was right in dismissing the case. The obstruction of the public street in the manner alleged was, undoubtedly, an unlawful act on the part of the company, but it was not *malum in se*. Neither was it an act which would reasonably or probably cause an

injury to the plaintiff in the manner set forth. Indeed, such a consequence was nothing more than a remote possibility, and it therefore falls within the domain of pure accident, for which the company cannot be held responsible.                    *Judgment affirmed.*