## RUSSELL *v.* CENTRAL OF GEORGIA RAILWAY CO.

1. Though a standing railway train be an unauthorized obstruction of a public crossing, a person attempting to pass between the cars by climbing over the bumpers, if injured thereby in consequence of a sudden movement of the train, can not recover, unless the engineer, conductor, or some other person having control of the train's movements, knew of his attempt to cross or had notice of his exposure to danger. If the only employee who knew of the perilous position in which the person attempting to cross had placed himself was a watchman at the crossing, no recovery can be had, unless it appears that the watchman was so situated, after he knew of the dangerous position in which the person was placed, as that he could signal the engineer or other employees in control of the train's movements, and thus prevent injury to the person attempting to cross, and that he failed to give such signal, or that he gave the signal and it was disregarded.

2. A count in a petition against a railway company, claiming damages for negligence, which alleges in general terms that the defendant was guilty of negligence, should be stricken on special demurrer setting up that the petition fails to set forth the particulars in which the defendant was negligent, unless the defect in the petition is cured by amendment.

Argued February 23,—Decided March 4, 1904.

Action for damages.     Before Judge Reid.     City court of Atlanta. June 18, 1903.

*Arnold & Arnold,* for plaintiff, cited, on first count : 2 Thomp. Neg. §§ 1597, 1598, 1694; 4 Mackey, 138; 16 Vt. 177 (31 Atl. 186); 49 Fed. 814.     On second count: Civil Code, § 2321; Bliss on Code Pl. (3d ed.) § 211 (a) ; 59 L. R. A. 209–277.

*Dorsey, Brewster & Howell,* for defendant, cited, *Ga. R.* 42/327; 87/491; 94/332; 105/48; 117/767; 109/104; 83/88, 268.

COBB, J. The petition contains two counts. The first count alleges that the defendant, a railway company, caused a public crossing to be obstructed by a very long freight-train, which extended several hundred feet on each side of the crossing into the darkness; that the crossing was obstructed for fifteen or twenty minutes; that it was necessary for the plaintiff, in the discharge of a business duty, to go along the street which was obstructed, and that after waiting about fifteen minutes he "undertook to go between the train, in plain view of everybody, and the defendant's watchman employed upon the crossing saw the plaintiff undertake to go between the cars and saw his dangerous situation." It is also alleged that the "crew of the defendant, to wit, the conductor the engineer, the fireman, and the trainmen, in the exercise of

45

ordinary care, must have seen plaintiff undertake to go between the cars." And it is alleged that while the plaintiff was in this perilous position between the cars the train moved without notice, and as a result thereof he was seriously injured. The count concludes with allegations as to the extent of the injury and the damages sustained. The second count consisted of two paragraphs. The first was as follows: " On or about the 27th day of February, 1903, at Peters street public crossing, and in the City of Atlanta plaintiff was run over and injured by the running of the cars, locomotives, and other machinery of the defendant company at said crossing; and defendant failed to exercise all ordinary and reasonable care and diligence." . The second paragraph set forth the character of the injury and the damages alleged to have been sustained. The defendant filed a general demurrer to the entire petition, and a special demurrer to the first paragraph of the second count, on the ground that it did not set forth how the plaintiff was injured by the running of the cars, locomotives, and other machinery of the company at the crossing, and did not show wherein the defendant failed to exercise all ordinary and reasonable care and diligence. The court sustained the special demurrer to the first paragraph of the second count, and dismissed the remainder of the petition on general demurrer. Plaintiff excepted.

1. So far as the first count is concerned, we think the case is controlled in principle by the decision in *Andrews* v. *Railroad Company*, 86 *Ga.* 192. The allegation that the engineer, conductor, and other employees in charge of the train must have known of plaintiff's perilous position amounts to nothing. The right of the plaintiff to recover depends upon whether any employee who could have controlled the movements of the train knew of his dangerous position, and failed to take proper steps for his protection; and an averment short of actual knowledge on the part of such employees would not be sufficient to take the case out of the ruling in the *Andrews* case. It is said, though, that there is an averment that the watchman at the crossing knew of the plaintiff's dangerous position; but it appears from the petition that the transaction was at night, that the train extended a long way on each side of the crossing "into the darkness;" and it is not alleged. that the watchman was in a position where he could have given a signal to any employee in charge of the movements of the

train, which would have had the effect to control its movements. It is not even charged that the watchman could by signal have controlled the conduct of other employees who had charge of the train.    In the case of *Faulk* v. *Railroad Company*, 91 *Ga.* 360, the person injured was a boy twelve or thirteen years of age, and was invited by the watchman at the crossing to go over the bumpers, and was injured while so doing.    The age of the person injured, and the fact that he was expressly invited to cross by the employee who was stationed there to tell the public when to cross and when not to cross, distinguishes the case from the one now under consideration.

2.    In an action which is based upon the negligence of the defendant it is not sufficient to allege the negligence in general terms, when the defendant objects to such allegations by a special demurrer calling for the particulars of the negligence complained of.    See *Blackstone* v. *Railway Company*, 105 *Ga.* 381; *Miller* v. *Transportation Company*, 115 *Ga.* 1009.    While under this rule negligence must be alleged in such a specific way as to put the defendant on notice of what it is to answer, still the rule is not to be carried to the extent of requiring minute particularity in the averments of negligence.    See *Sims* v. *Railroad Company*, 111 *Ga.* 820.

*Judgment affirmed.    All the Justices concur, except Simmons, C. J., absent.*