### M. J. KELLY ET AL. v. TEXAS & PACIFIC RAILWAY COMPANY.

#### No. 1326. Decided May 23, 1904.

**1.—Case Approved.**

The ruling of the appellate court, in reversing and remanding this case (Texas & Pacific Ry. Co. v. Kelly, 2 Texas Law Journal, 574) is approved; and writ of error having been obtained by appellee on the ground that the ruling that plaintiff could not recover on the facts proven practically settled the case, judgment is here rendered for defendant in error. (P. 620.)

**2.—Negligence—Proximate Cause.**

The railway crossing being obstructed by a train, a traveler on the highway attempted to drive his vehicle around it and across the track at some distance from the street crossing, where, the wheel falling into a depression in the track, the wife was thrown out and injured. Held, that the injury was not a proximate result of the obstruction of the track, and leaving the hole in the track at the point in question was not negligence as to plaintiff. (P. 620.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from El Paso County.

Kelly and wife sued the railway company for personal injuries received by the wife. On appeal by defendant, the judgment was reversed, and appellees, the plaintiffs, obtained writ of error on the ground that the ruling practically settled the case.

*T. A. Falvey* and *Waters Davis*, for plaintiffs in error.—The ruling of the Court of Appeals that the demurrers should have been sustained because the negligent obstruction of the street was not the proximate cause of the injuries was erroneous, for the reason that, in leaving cars near nightfall, without any prospect of their removal, so as to obstruct a much used street, a street that the inhabitants were compelled to use in order to get to their homes, defendant might have anticipated the intervening cause, viz., that people would try to drive around the obstruction rather than remain in the night away from their homes, and that in driving over its tracks, the condition of which it knew, accidents might result. Murphy v. Leggett (N. Y.), 58 N. E. Rep., 42; Kelley

v. Town of Fond du Lac, 31 Wis., 186; Pomeroy v. Inhabitants of Westfield (Mass.), 28 N. E. Rep., 899; Tuttle v. Inhabitants of Holyoke, 72 Mass., 447; Linehen v. Western Electric Co., 51 N. Y. Supp., 1080; Skjeggerud v. Minneapolis & S. L. Ry. (Minn.), 35 N. W. Rep., 573; International & G. N. Ry. Co. v. Locke (Texas Civ. App.), 67 S. W. Rep., 1083; Gulf C. & S. F. Ry. Co. v. Gasscamp, 69 Texas, 546. On proposition that one is not a trespasser who, by the negligent blocking of the street by the railway, is compelled to go upon its tracks, see Mayer v. Chicago & Alton Ry. Co., 63 Ill. App., 309; Hudson v Wabash & W. Ry. Co., 32 Mo. App., 667; Baltimore & P. Ry. Co. v. Cumberland, 176 U. S., 232.

*Edwards & Edwards,* for defendant in error.—The testimony on the trial showed that the obstruction of the street by the appellant's car was not the proximate cause of the injury. The testimony shows, that, if appellant was guilty of negligence in leaving its cars an unreasonable length of time across the street, appellees were guilty of contributory negligence causing and contributing to the injuries received by Mary Kelly by attempting, at the time and in the manner and under the circumstances, to drive across appellant's tracks outside of the street, around the end of the cars. De la Pena v. International & G. N. Ry. Co., 74 S. W. Rep., 58; Sanchez v. San Antonio & A. P. Ry. Co., 88 Texas, 119; Galveston H. & S. A. Ry. Co. v. Ryon, 70 Texas, 58; Galveston H. & S. A. Ry. Co. v. Ryon, 80 Texas, 60; Gulf C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; Railway Co. v. Martin, 63 S. W. Rep., 1089; Texas & P. Ry. Co. v. Bigham, 90 Texas, 227, 38 S. W. Rep., 162; International & G. N. Ry. Co. v. Lewis, 63 S. W. Rep., 1092; International & G. N. Ry. Co. v. Ormond, 64 Texas, 485; Murray v. Railway, 73 Texas, 4; Texas & N. O. Ry. Co. v. Crowder, 63 Texas, 502; Walker v. Herron, 22 Texas, 59; Sanchez v. San Antonio & A. P. Ry. Co., 88 Texas, 119; Dobbins v. Railway Co., 91 Texas, 62.

GAINES, Chief Justice.—The judgment of the trial court in this case was reversed by the Court of Civil Appeals and the cause was remanded. The appellees applied for a writ of error, and in order to give us jurisdiction alleged in their petition for the writ of error that the decision of the appellate court "practically settled the case." We concurred in that view and as a matter of course granted the writ.

We are of the opinion that the Court of Civil Appeals correctly decided that there could be no recovery under the facts proved upon the trial, and deem it unnecessary to add anything to the opinion of Mr. Justice Fly, which was delivered upon the disposition of the appeal.

Such being our conclusion, the statute makes it our duty to affirm the judgment of the Court of Civil Appeals in so far as it reverses the judgment of the District Court, and render here a judgment in favor of defendant in error. It is accordingly so ordered.

*Affirmed and judgment rendered.*