### 4037. WICK *v.* CENTRAL OF GEORGIA RAILWAY CO.

POTTLE, J. As a matter of law, for a grown man in full possession of his
faculties to attempt in the nighttime to climb over the bumpers be-
tween two cars attached to a long freight-train, without ascertaining
whether an engine is attached to the train of cars or is so near to
them on the track as to be immediately coupled to them, is such gross
negligence as will preclude a recovery for injuries received on account
of an engine being suddenly backed up against the cars and causing the
person attempting to cross to be thrown down upon the track. In such
a case the facts that the train was obstructing a public crossing in a
city in violation of a municipal ordinance, and that the train had no
lights to indicate that it was likely to move, or that no watchman was
present to warn pedestrians not to attempt to cross, or that no bell or
whistle was sounded to indicate preparation to move, afford the person
injured no cause for complaint. The proximate cause of the plaintiff's
injury was, not the alleged negligent acts and omissions ·of the de-

fendant, but his own rash act. The case is in principle controlled by the decisions of the Supreme Court in *Andrews* v. *Central R. Co.*, 86 *Ga.* 192 (12 S. E. 213, 10 L. R. A. 58) ; *Montgomery* v. *East Tenn. Ry. Co.*, 94 *Ga.* 332 (21 S. E. 571) ; *Russell* v. *Central Ry. Co.*, 119 *Ga.* 705 (46 S. E. 858).                                                   *Judgment affirmed.*

DECIDED JULY 10, 1912.

Action for damages; from city court of Savannah—Judge Davis Freeman. December 20, 1911.

A general demurrer to the plaintiff's petition was sustained. The petition alleges, in substance, that the plaintiff, while walking along a designated street of the city of Savannah on his way to his place of work, reached a point where the street was crossed by five tracks of the defendant's railroad, on the second of which was standing a freight-train an eighth of a mile long.  It was eleven o'clock at night, but he saw no light on the train, and, after having waited there twenty minutes, during which time the cars were not moved, he assumed (as he had a right to assume in the absence of a light on or about the train, or any sign of life thereon) that the cars were dead cars, left stationary at that point, and that they would not be moved without notice or warning, and he and his companions undertook to cross the train by going between two box-cars. Two of his companions crossed in safety, but when he stepped on the bumper, in the act of crossing, at the public crossing, a locomotive of the defendant suddenly, violently, and without notice or warning, negligently backed the cars and caused them to jerk back, so that his right foot was mashed. He was in the exercise of all ordinary care and diligence. He could not go around the train, because to do so would carry him into the yards of the defendant at either end of the cars, where there were tracks and numerous trains, and where the crossing would be inconvenient, difficult, and dangerous. An ordinance of the City of Savannah provides that it shall be unlawful for any railroad company to permit a train of cars to remain stationary for more than five minutes on any street-crossing. The point at which the said street intersects the said railroad is within the corporate limits of the City of Savannah, and is the chief passageway for people going from the eastern part of the city to the western part, which is thickly populated, and persons are continuously passing at that point both in the day and at night. The defendant has stationed at the said street-crossing a watchman, whose duty it is to warn people who are about to cross the tracks when there is danger in crossing them. Ordinary

care requires the defendant at such place to keep guards or other signals to warn pedestrians when it is dangerous to cross the tracks. There was no light, signal, bar, or other guard or warning, and the watchman was not present at the said time and place. The defendant was negligent in obstructing the crossing for more than five minutes, in failing to have bars or other guards or warnings to notify pedestrians that it was dangerous to cross the track, in failing to have a light on the train to indicate that it was a live train and likely to be moved, in failing to give warning by bell, whistle or other signal that the train was to be moved, and in the failure of the watchman to be present and to give warning. Each of the foregoing acts of negligence proximately caused the plaintiff's injury. Specific allegations are made as to the nature and extent of the injury and damage.

*Osborne & Lawrence, Bouhan & Herzog,* for plaintiff, cited: *Smith* v. *S., F. & W. Ry. Co.,* 84 *Ga.* 698; *Central R. Co.* v. *Curtis,* 87 *Ga.* 416 (4); *Brunswick & Western R. Co.* v. *Gibson,* 97 *Ga.* 489; *S., F. & W. Ry. Co.* v. *Hatcher,* 115 *Ga.* 379; *A. C. L. R. Co.* v. *Moore,* 8 *Ga. App.* 186; also discussing cases cited infra.

*Lawton & Cunningham, H. W. Johnson,* for defendant, cited: Code of 1910, § 4426; *Andrews* v. *Central R. Co.,* 86 *Ga.* 192; *Montgomery* v. *East Tenn. Ry. Co.,* 94 *Ga.* 332; *Russell* v. *Central Ry. Co.,* 119 *Ga.* 705; *Southern Ry. Co.* v. *Mouchet,* 3 *Ga. App.* 272; *Georgia R. Co.* v. *Williams,* 3 *Ga. App.* 274; *Howard* v. *Augusta Southern R. Co.,* 6 *Ga. App.* 732; *Central Ry. Co.* v. *Mullins,* 7 *Ga. App.* 381 (2).

RUSSELL, J., concurring specially. Personally I am of the opinion that the allegations of the plaintiff present an issue of fact for the exclusive determination of the jury, but, in view of the rulings of the Supreme Court in *Russell* v. *Central Ry. Co.,* supra, and cases therein cited, I am compelled to concur in the judgment.