*Lamar Camp, L. A. Dean,* contra:

---

16100.   HOLLAND *v.* GEORGIA SOUTHERN & FLORIDA RAILWAY CO.

STEPHENS, J.   1. At a place where people are accustomed to cross a railroad-track, which is also a place used by passengers boarding and alighting from trains, and which is generally used by the public with the knowledge and consent of the railroad company, the company owes no duty to a person who is merely standing by the side of the railroad-track while a train is passing, and who is not there for the purpose of crossing the track or boarding the train, to refrain from negligently allowing a lump of coal to fall from the train and rest upon the ground by the side of the track, where, in moving away from proximity to the passing train, he stumbles over the coal and is thrown under the train and injured.

2. In a suit by the injured person against the railroad company to recover for the injuries thus sustained, a petition alleging the above facts set out no cause of action, and was properly dismissed on general demurrer.

3. Construing the petition most strongly against the pleader, allegations therein that the place at which the plaintiff was injured was used "for other purposes," and that the plaintiff was "standing" by the side of the railroad-track, are insufficient as alleging that the place was used for any other purpose than is recited in paragraph 1 above, and are further insufficient as alleging that the plaintiff intended to cross the railroad track or board the train.

4. This case is distinguishable from *Fraser* v. *Charleston & Savannah Ry., 75 Ga.* 222, where the sole question was as to the inferences of negligence which the jury would be authorized to draw from the evidence, whereas the question in the case under consideration is the sufficiency of the allegations in the petition, which must charge either directly or by necessary inference sufficient facts to constitute a cause of action.

5. At the time or before the judgment of this court is made the judgment of the trial court, the plaintiff is given leave to amend his petition by alleging sufficient facts to show that at the time of the injury

the plaintiff was at a place where he had the right to be, and that the railroad owed him the duty to exercise due care for his safety. Upon an allowance of such an amendment, the order sustaining the demurrer will be vacated. Civil Code (1910), § 6205; *Dellinger* v. *Elm City Cotton Mills*, 26 *Ga. App.* 780 (107 S. E. 264); *Holston* v. *Holcomb*, 30 *Ga. App.* 651 (4) (118 S. E. 577).

*Judgment affirmed, with direction. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 11, 1925.

Action for damages; from Bibb superior court—Judge Malcolm D. Jones. November 21, 1924.

*R. D. Feagin, J. F. Urquhart,* for plaintiff.
*J. E. Hall, C. J. Bloch,* for defendant.