## FOUNTAIN v. HOUSTON E. & W. T. R. CO.
### (No. 1589.)

Court of Civil Appeals of Texas. Beaumont. Oct. 7, 1927.

Railroads ☞337(2)—Obstruction of street by train held not proximate cause of injury to pedestrian passing between cars.

In action against railroad company for personal injury, obstruction of street by freight train was not proximate cause of plaintiff's injury, received while climbing between cars, and general demurrer to petition alleging such facts was properly sustained.

Appeal from District Court, Shelby County; R. F. Brown, Judge.

Action by O. L. Fountain against the Houston East & West Texas Railway Company. From an order sustaining a general demurrer to plaintiff's petition and trial amendment thereof, plaintiff appeals. Affirmed.

Sanders & Sanders, of Center, for appellant.

Davis & Davis, of Center, for appellee.

HIGHTOWER, C. J. This suit was filed in the district court of Shelby county by appellant, O. L. Fountain, against the appellee, Houston East & West Texas Railway Company, to recover damages for a personal injury which appellant alleged was sustained by him in consequence of gross and willful negligence on the part of appellee in blocking and obstructing, for an unreasonable length of time, a public street in the town of Haslem in Shelby county. Appellant's pleading, construing his first amended original petition and his trial amendment together, showed the following facts: That on the evening of November 23, 1923, about 6 o'clock, appellant was returning from his place of work in the town of Haslem, traveling one of the public streets of that town, where the same is crossed by the railroad tracks of appellee, and, when he reached that point, he found the street blocked and obstructed by a string of box cars in one of appellee's freight trains, and he attempted to get into and go through one of the box cars with a view to proceeding on his way home, but, as he was alighting from the car on the opposite side from which he had entered, his foot got hung in a step or stirrup on the side of the car, and he was thereby caused to fall to the ground and his ankle was seriously injured, that the string of cars had blocked and obstructed the street for an unreasonable length of time, to wit, for more than 50 minutes, and that appellee was guilty of gross and willful negligence and a violation of law in permitting the street to be blocked and obstructed by the string of cars, and that such negligence and unlawful act on the part of appellee was the proximate cause of his injury. Appellant further alleged, in substance, that at the time he was injured he was an employee of W. R. Pickering Lumber Company, a subscriber under the Employers' Liability Act of this state, and that as such employee he was covered by a policy of insurance carried by the W. R. Pickering Lumber Company under the act; that in due time after his injury he filed a claim before the Industrial Accident Board of this state for compensation, which claim was allowed by the board, and appellant was paid by the insurance association the claim in full as allowed by the board, which was received and accepted by appellant.

Appellee answered by general demurrer, general denial, and by special plea in bar to the effect that appellant having made demand for compensation under the Employers' Liability Act, and, having received and accepted such compensation, he could not maintain this suit against appellee. This, though brief, is a sufficient statement of the pleadings of the parties for the disposition of this appeal.

The court sustained a general demurrer to appellant's pleading as made by his petition and the trial amendment, and from that order this appeal is prosecuted.

Appellant challenges the correctness of the trial court's ruling in sustaining the general demurrer, and one of his contentions is that, his pleading having alleged fully the facts showing the negligent and unlawful obstruction by appellee of the public street and the facts as to how appellant sustained his injury, and that such unlawful and negligent act on the part of appellee was the proximate

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cause of his injuries, his petition stated a cause of action, and the trial court's action in sustaining the general demurrer was therefore erroneous. Another contention made by appellant is, in substance, that he was entitled to presecute this action as he attempted to do, notwithstanding the fact he had demanded and received compensation for the injury under the terms of the Employers' Liability Act of this state.

If, under the law, the only act of negligence complained of on the part of appellee, which was the obstruction of the public street, could not be the proximate cause of his injury, as that term has been many times defined and construed, then the trial court was correct in sustaining the general demurrer, and a determination of that question will suffice to dispose of this appeal. As we understand the authorities cited by appellee on the point that the obstruction of the street by appellee's freight cars was not the proximate cause of appellant's injury, they support that contention of appellee, and therefore, regardless of any other question in the case, the judgment of the trial court must be affirmed. These authorities are Texas & P. R. Co. v. Kelly (Tex. Civ. App.) 78 S. W. 372; Kelly v. Texas & P. Ry. Co., 97 Tex. 619, 80 S. W. 1197; De La Pena v. I. & G. N. R. Co., 32 Tex. 'Civ. App. 241, 74 S. W. 58; Montgomery v. East Tennessee Railway Co., 94 Ga. 332, 21 S. E. 571. See, also, Lancaster v. Hall (Tex. Civ. App.) 277 S. W. 776, and authorities there cited. In the last-cited case a railway mail clerk was injured which making an attempt to repair a defective catcher bar on a mail car; the defect being due to the defendant railway company's negligence. It was held that the mail clerk could not recover damages, since by his intervening act in attempting to repair the catcher bar, which it was none of his business to do, the sequence between the railway company's negligence and the accident was broken, and therefore the railway company's negligence could not be the proximate cause of the injury. And so, in this case, appellant's affirmative action in entering one of appellee's box cars and going through it broke the sequence between the wrongful act or negligence of appellee and the accident to appellant.

We express no opinion upon the second contention made by appellant, for the reason that it is not necessary to a determination of this .appeal. We are aware that at least two of the Courts of Civil Appeals of this state have expressed the view that an employee under the Employers' Liability Act of this state might sue a third person for an injury negligently caused by such third person, and recover damages to the extent of the injury received by him, notwithstanding the fact that such employee might have thereto-

fore claimed and received compensation under the act, less, of course, the amount of compensation received. We do not find, however, where our Supreme 'Court has ever decided this point. The question is an important one, and, its determination not being necessary in this case, we pretermit any discussion of it.

The trial court's judgment in sustaining the general demurrer was correct upon the theory that the only act of negligence complained of on the part of appellee could not be in law the proximate cause of the injury sustained by appellant.

WALKER, J., not sitting.