## TEXAS & N. O. R. CO. v. BASS.
### No. 2250.

Court of Civil Appeals of Texas. Beaumont.
Oct. 6, 1932.

Arterbury & Coolidge, of Houston, for appellant.

Adams & McAlister, of Nacogdoches, for appellee.

WALKER, J.

This was an action by appellee, as plaintiff, against appellant, as defendant, for damages for wrongfully ejecting him from its train, and upon a trial to a jury resulted in judgment in appellee's favor for the sum of $7,714.50.

Under the allegations of his petition, on the 23d day of August, 1930, appellee purchased a ticket from appellant's agent at Lufkin, entitling him to transportation over appellant's line of railway from Lufkin to Shreveport; on authority of this ticket he boarded appellant's train at Lufkin, and, after boarding the train, delivered his ticket to Shreveport to appellant's conductor, who accepted it;

notwithstanding the conductor had accepted the ticket from appellee, when the train reached Appleby in Nacogdoches county, about thirty miles from Lufkin, the conductor ordered him to leave the train, whereupon he informed the conductor that he had paid his fare and had delivered to him his ticket to Shreveport, yet the conductor persisted in his order and "in order to avoid further abuse and personal contact with said conductor, and through fear of personal violence from said conductor, plaintiff proceeded to leave train and alight therefrom near the station at Appleby, Texas." Appellee pleaded further that the ground was rough at the station at Appleby, where he was compelled to alight; that he was compelled to alight "in the darkness and without any assistance from the defendant, its servants or employees, and in stepping from the train's steps, the defendant having failed to place the footstool or step customarily used in aiding passengers to alight from trains on the ground, plaintiff stepped off of the train and into a hole or depression or uneven portion of the ground and lost his balance and fell, striking a frog of the defendant's line of railway, which frog consists of two iron rails of defendant's railway running parallel with one another and immediately adjacent to one another, leaving only a small space between said rails, which is made of iron of a heavy character." As a basis for recovery he alleged the following injuries: "That plaintiff's back or hip struck said iron frog, seriously injuring his hip, leg, back and spine, wrenching and straining the joints therein and fracturing the bones of the hip and tearing and straining the ligaments and tendons and muscles of his back and hip, impairing the great sciatic nerve, resulting in a severe case of sciatica."

He predicated his cause of action upon the following grounds of negligence:

"(a) Defendant, its agents, servants and employees, was guilty of negligence in compelling plaintiff to leave the train at Appleby, Texas, in violation of their contractual relations with him to transport and deliver him safely to Shreveport, La., which negligence was the direct and proximate cause of the injury, in that said injury would not have occurred had not defendant breached its contractual obligations with plaintiff to safely transport him to his destination.

"(b) Defendant was guilty of negligence in compelling plaintiff to leave the train at Appleby, Texas, in the darkness without providing any light by which he could see and by which he could be aided and assisted in descending from the steps of the train safely to the ground, which negligence was the direct and proximate cause of the injury complained of.

"(c) Defendant was negligent, after compelling plaintiff to leave the train, in viola-tion of its contractual relations with him in not providing for a footstool or step upon which plaintiff could step in descending from the train, which footstool would have enabled the plaintiff to safely alight from said train and which negligence was the direct and proximate cause of the injury.

"(d) Defendant was guilty of negligence in not furnishing a safe place upon which plaintiff could alight in descending from the steps of said train after he had been compelled to leave the same in violation of the contractual obligations on the part of defendant with plaintiff, in that the place where plaintiff was compelled to alight was rough and unlevel ground and in stepping from said train plaintiff stepped into a hole in the earth, resulting in the injury, which negligence was the direct and proximate cause of the injury."

Answering special issues, the jury found (a) that appellee boarded appellant's train at Lufkin with a ticket for Shreveport on August 24, 1930; (b) that appellee was ordered by the conductor to leave the train at Appleby; (c) that appellee left the train at Appleby "in pursuance to said order of the conductor"; (d) that appellee received injuries in leaving the train at Appleby; (e) "that the ordering of the plaintiff from the train at Appleby by the conductor and his getting off the train was the proximate cause of the injury received by the plaintiff."

## Opinion.

■ We agree with the contention of appellant that its act, through its conductor, in ordering appellee to leave the train, was not in law the proximate cause of appellee's injuries sued for. The facts were undisputed that the train stopped at the usual and customary place at Appleby, one of its regular stations, and under all the facts, if appellee was injured in the manner contended for by him, his injuries were the result of the failure of appellant to provide a safe place for him to alight from the train. The negligence of appellant in this respect was pleaded by paragraphs (b), (c), and (d) of his petition, as copied above, but for some reason these acts of negligence were not submitted to the jury. After testifying, in accordance with his allegations, that the conductor wrongfully ordered him to leave the train, and to avoid controversy he undertook to obey the order, appellee testified further as follows, reducing the questions and answers in the statement of facts to a narrative statement: "I walked back down where the negro was, and he was standing, as well as I remember, just inside of the car door where I would go out, and I walked past him and turned to the right to get off down the step, and the negro stepped off behind me with the lantern, and as I stepped off down the steps to the bottom there was no light there, and it was dark, and as I stepped off I did not know how far it was, and

thought it was just a small place there, and went something like ten inches, and it was two feet further than that, and that put me off my calculation where I was going to land, and when I did land I went in some kind of a depression or hole there on the cinders, and when I did land I jerked a kink or catch in my back there; and I started to get up, and I could not get up; and just about that time the negro stepped down on the ground and said 'Oh, I am sorry you got hurt'; and I says 'Yes, you ought to have put that stool down there and brought the lantern there'; and he said 'Captain, I sure wish I had; I wish I had got that stool.' "

Plaintiff's measure of damages was based entirely upon the injuries received by him as a result of his fall in alighting from the train. Under his testimony, had appellant performed its duty of providing a safe place for him to alight, appellee would not have fallen and would not have received the injuries sued for. From this statement of the facts it follows that, as a matter of law, the proximate cause of plaintiff's injuries to his back and the other damages for which he sued was not the order of the conductor, directing him to leave the train, but the negligence in failing to furnish him a safe place to alight from the train. If the conductor wrongfully ordered him to leave the train, of course appellee would have an action for wrongful ejectment, but that is not the cause of action sued for herein and upon which he recovered. The case of Texas & New Orleans Railroad Co. v. Rooks (Tex. Com. App.) 293 S. W. 554, is decisive in appellant's favor on this proposition. The case of Fountain v. H. E. & W. T. Ry. Co. (Tex. Civ. App.) 298 S. W. 630, is interestingly in point in support of appellant's proposition that the negligence found by the jury was not the proximate cause of appellee's injuries.

There is no merit in the contention of appellee that the answer of the jury to question (e) above is sufficient to support the judgment and distinguishes this case from the Rooks Case just cited. That the plaintiff got off the train as the result of the orders of the conductor was not the proximate cause of his injuries; but, as just stated, the proximate cause of his injuries was the failure to provide a safe place for him to alight.

■ The argument of counsel for appellee in this case was reversible error. Under the bills of exception it is shown that appellee brought a larger number of witnesses to court to testify as to his good reputation as a citizen and to his truthfulness and veracity. The court sustained objections to this testimony. The argument complained of, and to which

the trial court overruled appellant's exceptions, was as follows:

"Gentlemen of the jury: I know how it feels to be a long way from home and among strangers, and I know that if I was being tried away from home I would want my neighbors and those who have lived near me and who know me best to come and testify and tell the jury what kind of a man I am. We brought many of the plaintiff's neighbors here to testify before this jury as to this plaintiff's reputation in the community where he lives, but they refused to let them testify."

"Gentlemen of the jury: The railroad company would have you believe that this plaintiff was never injured, and that his suit against the railroad company is a frameup. You recall that we have brought before you gentlemen old man Runnels, plaintiff's neighbor, who knows the plaintiff and is familiar with the life he had lived in his community and who came down here and wanted to testify as to the kind of a man plaintiff is, but they refused to let him testify."

"Gentlemen of the jury: We brought before you Brother Williams, a Baptist minister, who is this plaintiff's preacher, and who knows the kind of life he lives in his community. Brother Williams was ready to testify, but they refused to allow him to tell what he knew about this plaintiff."

"Gentlemen of the jury: The railroad company in this case would have you believe that this plaintiff has framed up a law suit, and that he was not injured on the occasion in question, yet we bring witness after witness here who are neighbors to this plaintiff, to testify as to his good reputation in the community where he lives."

This argument was clearly reversible error under the holding of First Nat. Bank v. Harkrider (Tex. Civ. App.) 157 S. W. 290. Meeting appellant's argument, appellee, in his written brief, says: "Had plaintiff's attorney gone further and stated that each of these witnesses would have testified to a certain statement of facts, unquestionably it would have been reversible error."

The last paragraph of the argument, as copied above, falls exactly within this proposition.

For the reasons stated the judgment is reversed and the cause remanded without discussion of appellant's assignment that the verdict was excessive. The other assignment against the argument of counsel for appellee is overruled as not having any basis in the facts certified to by the bill of exception.

Reversed and remanded.