### 23489. PIEDMONT HOSPITAL *v.* TRUITT.

DECIDED DECEMBER 20, 1933. REHEARING DENIED JANUARY 12, 1934.

*Bryan, Middlebrooks & Carter,* for plaintiff in error.
*George & John L. Westmoreland,* contra.

SUTTON, J. Plaintiff sued the defendant hospital for damages because of the alleged negligence of one of its nurses, by which plaintiff was injured. The defendant contended that, the plaintiff having been injured in an automobile wreck and being in the hospital for treatment, the fact that it had negligently treated her would

not make it liable to her in this case, plaintiff having settled in full with the person who injured her in the automobile accident and executed a release to him. The trial of the case resulted in a verdict for the plaintiff. The defendant moved for a new trial, the motion was overruled, and to this judgment it excepts.

The proper decision of this case hinges on the question, what was the proximate cause of the injuries sustained by the plaintiff by reason of certain burns inflicted upon her,—that is, whether it was the negligence of the original wrong-doer or the intervening negligence of the defendant hospital that caused her injuries. In such a case the question of what was the proximate cause of an injury is generally a question for the jury to determine from all the facts and circumstances of the case, upon proper instructions from the court. *Sparta Oil Mill* v. *Russell,* 6 *Ga. App.* 293 (4), 296 (65 S. E. 37) ; *Spires* v. *Goldberg,* 26 *Ga. App.* 530 (4), 537 (106 S. E. 585) ; 22 R. C. L. 148, 150, §§ 31, 32; Milwaukee &c. R. Co. *v.* Kellogg, 94 U. S. 469 (24 L. ed. 256). To warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence, and that it ought to have been foreseen, in the light of the attending circumstances. *Hardwick* v. *Figgers,* 26 *Ga. App.* 494 (106 S. E. 738). A prior cause can not be made the basis of an action because it furnished the condition and gave rise to the occasion by which the injury was made possible, where there intervened an unrelated and efficient cause of the injury, even though such injury would not have happened but for such condition or occasion. If the occurrence of the intervening cause might reasonably have been anticipated, it will not interrupt the connection between the original cause and the injury. St. Louis &c. R. Co. *v.* Commercial Union Ins. Co., 139 U. S. 223 (11 Sup. Ct. 554, 35 L. ed. 154) ; Memphis &c. R. Co. *v.* Reeves, 10 Wall. 176 (19 L. ed. 909) ; *Perry* v. *Central R. Co.,* 66 *Ga.* 746; *Montgomery* v. *East Tenn. &c. Ry. Co.,* 94 *Ga.* 332 (21 S. E. 571) ; *Henderson* v. *Dade Coal Co.,* 100 *Ga.* 568 (28 S. E. 251, 40 L. R. A. 95) ; *Central Ry. Co.* v. *Price,* 106 *Ga.* 176 (32 S. E. 77, 43 L. R. A. 402, 71 Am. St. R. 246) ; *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109) ; *Mayor &c. of Unadilla* v. *Felder,* 145 *Ga.* 440, 444 (89 S. E. 423) ; *Bowers* v. *Southern Ry. Co.,* 10 *Ga. App.* 367 (73 S. E. 677) ; *Spires* v. *Goldberg,* supra; *Atlanta &c. R. Co.* v. *Reese,* 28

*Ga. App.* 275 (110 S. E. 750) ; *Georgia R. &c. Co.* v. *Konkle,* 36 *Ga. App.* 569 (137 S. E. 113). But where the intervening cause was of such a nature that it could not have been reasonably foreseen to be the result of the prior negligence, it becomes the proximate cause, even though the injury would not have occurred except for such original negligence. 45 C. J. 935, § 494; Scheffer *v.* Washington City Midland &c. R. Co., 105 U. S. 249 (26 L. ed. 1070) ; *Montgomery* v. *East Tenn. &c. Ry. Co.,* supra; *Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847, 848 (31 S. E. 443) , et seq.; *Beckham* v. *S. A. L. Ry.,* 127 *Ga.* 551 (56 S. E. 638, 12 L. R. A. (N. S.) 476) ; *Artope* v. *Central &c. Ry. Co.,* 38 *Ga. App.* 91 (143 S. E. 127). So where one is negligently injured in an automobile wreck by the negligence of another, it can not be said as a matter of law that such negligence is the proximate cause of injuries received by her from burns caused by the negligent manner in which a nurse of the defendant hospital, in which the injured person was confined for treatment of the injuries received in the automobile wreck, applied an electric treatment to the injured person's spine, even though treatment of her for the injuries received in the automobile wreck included a treatment of her spine with an electric pad. See Scheffer *v.* Washington City Midland &c. R. Co., supra; Allison *v.* Fredericksburg, 112 Va. 243 (71 S. E. 525, 48 L. R. A. (N. S.) 93) ; Mella *v.* Northern S. Co., 162 Fed. 499; McDonald *v.* Snelling, 14 Allen, 290 (92 Am. D. 768) ; Thompson *v.* Louisville &c. Ry., 91 Ala. 499 (8 So. 406, 11 L. R. A. 147).

The doctrine that "Where one who has suffered personal injuries by reason of the negligence of another exercises reasonable care in securing the services of a competent physician or surgeon, and his injuries are thereafter aggravated or increased by the negligence, mistake or lack of skill of such physician, the law regards the negligence of the wrong-doer in causing the original injury as the proximate cause of the damages flowing from the subsequent negligent or unskillful treatment thereof, and holds him liable therefor" (note, 8 A. L. R. 507), is not applicable to the facts of this case. In the instant case the plaintiff was injured by reason of an automobile collision. She suffered severe injuries, including an injury to her vertebra. She was removed to a hospital, where she was treated by her physician. This physician prescribed treatment of her spine with an electric pad, and instructed the nurse, of the

defendant hospital, as to how the treatment should be administered. He had given plaintiff medicine to produce sleep and relieve her pain. She fell asleep. The nurse of the defendant failed to properly administer treatment to plaintiff with the electric pad, as instructed by plaintiff's physician, and as a result plaintiff was badly burned about her back, stomach, and sides, which caused her and will continue to cause her much pain and suffering, and which has left large and permanent scars upon her body, which are disfiguring. Plaintiff executed a release, in consideration of a sum paid to her by the person who injured her in the automobile accident, in which she released that person from "all claims, demands, damages, actions, or causes of action, on account of injuries resulting, or to result, from" said automobile accident. The plaintiff did not sue the defendant hospital for damages on account of injuries sustained in said automobile accident, but solely for damages on account of the injuries suffered by reason of said burns so inflicted upon her. The court, in charging the jury, specifically limited her recovery to damages for the "injury received solely as a result of the burns, and in no way connected with the other injuries she may have received," and charged that the "release was a satisfaction of all injuries received in the automobile accident, directly or indirectly, and, therefore, you could not consider those injuries or any aggravation of them in determining the amount that the plaintiff would recover in this case." This charge was a correct and a proper one to give in this case, and was not erroneous for any of the reasons assigned. The case of *Edmondson* v. *Hancock, 40 Ga. App.* 587 (151 S. E. 114), relied on by the defendant hospital, in which this court recognized and applied the rule quoted above from 8 A. L. R., is not at all applicable to the case at bar. In that case the wounds of the plaintiff therein were improperly treated by the attending physician, who was the physician of the railroad company that caused his injury, so that such injuries remained permanent. There was no question of a separate independent injury by the hospital, and an action to recover for such injury alone was brought by the injured person. It can hardly be said that the person injuring plaintiff with the automobile and the defendant hospital that injured plaintiff with the electric pad by burning her, were joint tort-feasors in the commission of the same tort upon plaintiff.

Applying the above principles, the court did not err in overrul-

ing the defendant's motion for a new trial. In view of the forego-
ing rulings, none of the special assignments of error are meritorious.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

### ON MOTION FOR REHEARING.

Counsel for the plaintiff in error insist that the decision of this
court in this case is in conflict with its decision in *Edmondson* v.
*Hancock,* supra. It will be noted that the present case was one
by the plaintiff for separate and distinct injuries to her caused by
the alleged negligence of one of the defendant's nurses, and was
not one seeking recovery for any aggravation of her original injuries
caused by the negligent conduct of the defendant hospital, or any
pain and suffering flowing directly or indirectly from the original
injuries received by her in the automobile accident. The judge in
his charge to the jury specifically limited the plaintiff to a recovery
for injuries caused by the burns inflicted upon her, and expressly
stated that the defendant would not be liable for any injuries result-
ing directly or indirectly from the automobile accident or for any
aggravation of the original injuries caused by the defendant's negli-
gent treatment thereof. He charged them that the release exe-
cuted by plaintiff was a satisfaction of all injuries caused by the
automobile accident, and that she could only recover for the injuries
caused her by the burns. We think that the present case is clearly
distinguishable from the authorities relied on by the plaintiff in
error. It could hardly be said that, if it were not for said release
signed by the plaintiff, she could have maintained an action against
the person injuring her in the automobile accident for the injuries
sustained by her by reason of said burns. In the opinion in this
case, where this court said "There was no question of a separate
independent injury by the hospital, and an action to recover for
such injury alone brought by the injured person," this court was
referring to the case just previously referred to in the opinion, to
wit the *Edmondson* case, and was not referring to the case at bar.
In fact in the case at bar it was solely a question of a separate in-
dependent injury by the defendant hospital, and an action to re-
cover therefor alone brought by the injured person.

Plaintiff in error contends that this court overlooked the fact that
a demurrer to the amendment to its answer, in which it set up that
the plaintiff had signed a release which was in satisfaction of all
injuries sustained by her, directly or indirectly caused by said

automobile accident, and that this was a satisfaction of such injuries and of the injury sued for in the present case, was overruled, and no exception taken thereto, that this constituted a complete defense and a verdict for the defendant was demanded. Counsel cite *Kiser Co.* v. *McLean &c. Co.,* 2 *Ga. App.* 360 (58 S. E. 489), and *Louisville Coffin Co.* v. *Rhudy,* 111 *Ga.* 827 (35 S. E. 632), wherein it was held that "A judgment overruling a demurrer to an answer, unless excepted to and reversed, concludes the plaintiff as to the legal sufficiency of the answer; and if the same goes to the whole of the plaintiff's demand and is duly supported by evidence, a complete defense is established." However, in the present case, the only evidence of the defendant, in support of the claim in its amendment to the answer that the plaintiff had executed a release which was in satisfaction of the injury now sued for, was the release itself; and it shows that it was not in satisfaction of such injury, but was only in satisfaction of all injuries received by the plaintiff, directly or indirectly, as a result of said automobile accident.

*Rehearing denied.*