23476. GIBBS *v.* GEORGIA SOUTHERN & FLORIDA RAILWAY CO.

STEPHENS, J. 1. A railway company owes no duty not to injure a person by a sudden starting of its train when he is attempting to pass between two of the company's cars of a standing train at a public crossing, by climbing over the bumpers, where the company has no knowledge that any one is attempting to pass between the cars, or that persons are in the habit of going between the cars of a train at the crossing. Where, in the petition in a suit against a railroad company to recover for the homicide of a person killed by the sudden starting of a train while he was attempting to cross between the cars in the manner indicated above, the only negligence alleged was that the defendant railway company, through its flagman who was 75 to 90 feet away from the deceased when he attempted to cross between the cars, was negligent in not seeing the deceased as he attempted to cross between the cars, and also in not seeing another person who had crossed over in safety preceding the deceased, and in not giving warning to the deceased that the train was about to start and that he could not safely cross between the cars, and was negligent in not sounding any alarm or giving any warning indicating that the train was about to start while the deceased was attempting to cross between the cars, the petition failed to set out a cause of action and was properly dismissed on general demurrer. *Russell* v. *Central of Georgia Railway Co.,* 119 *Ga.* 705 (46 S. E. 858).

2. Since the defendant railroad company is not chargeable with any constructive knowledge of the presence of the deceased or of his perilous

situation, the allegation in the petition that the defendant's "flagman saw, or with the exercise of ordinary care and diligence could have and would have seen" the persons as they crossed between the cars, is not an allegation that the flagman had actual knowledge of the situation described, but is an allegation of negligence in not having such knowledge. See *Southern States Portland Cement Co.* v. *Helms*, 2 *Ga. App.* 308 (58 S. E. 524).

3. Whether this court, on the affirmance of a judgment sustaining a general demurrer to a petition, has the right and power to give direction permitting the plaintiff to amend the petition, as was done in *Dellinger* v. *Elm City Cotton Mills*, 26 *Ga. App.* 780 (107 S. E. 264), where an isolated fact essential to the plaintiff's right to recover, and not in conflict with any of the allegations of the petition, and which had been omitted from the petition, was allowed to be inserted by an amendment,—as where in a suit by a father to recover damages for the homicide of his son, the petition was, upon the affirmance of a judgment sustaining a general demurrer permitted to be amended by an amendment which supplied the omitted allegation essential to the plaintiff's right to recover, that the mother of the deceased was dead at the time of the homicide,—this court will not, on the affirmance of a judgment sustaining a demurrer to the petition, give direction permitting the plaintiff to amend the petition, where the petition purports on its face to contain allegations which are exhaustive of the situation referred to, and the omitted fact which it is sought to add by amendment is contradictory and inconsistent with the allegations in the petition. See *Holston Box & Lumber Co.* v. *Holcomb*, 30 *Ga. App.* 651 (4) (118 S. E. 577); *Holland* v. *Georgia Southern & Florida Railway Co.*, 34 *Ga. App.* 362 (129 S. E. 302); *Thompson* v. *Georgia Railway & Power Co.*, 36 *Ga. App.* 505 (137 S. E. 304); Civil Code (1910), § 6205. The allegation in the petition that the flagman of the defendant company could by the exercise of ordinary care and diligence have seen and have had knowledge of the situation at the crossing states facts which are exhaustive of this situation as respects the defendant's knowledge or lack of knowledge of the presence of the deceased on the train, and an allegation that the flagman had actual knowledge of the situation is inconsistent with and contradictory of the allegation in the petition. This court therefore will not, upon an affirmance of the judgment sustaining the general demurrer, direct that the plaintiff be allowed to amend the petition by adding an allegation that the defendant had actual knowledge of the peril of the deceased.

4. The petition failed to set out a cause of action, and the other amendments, which the plaintiff desires to file under the permission and direction of this court should the judgment sustaining the general demurrer to the petition be affirmed, tend only to elaborate the allegation that the defendant was negligent in not knowing of the peril of the deceased and to show a right in the plaintiff, the father of the deceased, to maintain the suit, and do not remove the defect in the petition above pointed out. The petition, if amended as thus desired by the plaintiff, would not set out a cause of action, and therefore an allowance of these amendments, even if this court had the power to so direct, would avail the plaintiff nothing.

5. The petition failed to set out a cause of action, and the judgment sustaining the general demurrer to it is affirmed without direction as requested by the plaintiff, allowing the plaintiff to perfect the petition by amendment.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 21, 1934.

*William F. Moore, F. L. Breen, Spradlin & Whiddon,* for plaintiff.

*J. E. Hall, C. J. Bloch, R. D. Smith, Steve F. Mitchell,* for defendant.