36134. TAYLOR, by Next Friend, *v.* ATLANTA GAS LIGHT CO.

DECIDED APRIL 13, 1956.

768

*Camp & Camp,* for plaintiff in error.

*Moise, Post & Gardner,* contra.

TOWNSEND, J. The facts of this case demand an application of the peculiarly perplexing rules of law relating to remote and superseding causes of injury. A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about. An intervening force may be either a superseding or concurrent cause of injury, depending upon a number of causative factors involved. It may be either dependent upon or (as in this case) independent of the original negligent act, and yet be such that, except for the existence of both negligent acts, the injury would not have occurred. The original act of negligence may be passive, that is, harmless unless something further occurs but capable of being made dangerous by the operation of some new force, as occurred in this case. Under such conditions, the fact that an intervening act of a third person is itself negligent, and acts upon the original passive negligence so that injury occurs which otherwise would not have occurred, does not necessarily operate to make

the second act of negligence by the third party the sole proximate cause of injury and thus insulate the original wrongdoer from liability where the original wrongdoer at the time of his negligent conduct should have realized that a third person might so act, or, as a reasonable person knowing the situation existing when the act of the third person was done, would·not regard it as extraordinary that the third person would so act. Restatement of the Law, Torts, §§ 440-447. For applications of these rules of law in Georgia, particularly on the question of the original wrongdoer, as a reasonable person, anticipating that "the second or intervening act might, not improbably but in the natural and ordinary course of things, follow his act of negligence," see *Bozeman v. Blue's Truck Line*, 62 *Ga. App.* 7 (7 S. E. 2d 412); *Williams v. Grier*, 196 *Ga.* 327 (26 S. E. 2d 698); *Allyn & Bacon Book Pub. v. Nicholson*, 58 *Ga. App.* 729 (199 S. E. 771); *Richards & Associates v. Studstill*, 92 *Ga. App.* 853 (90 S. E. 2d 56). Where such result should in the exercise of ordinary care have been foreseen by an exercise of reasonable diligence, the original act of negligence, as well as the intervening force which, acting upon it, produces injury, is also a part of proximate cause. "It appears that the modern trend of judicial opinion is in favor of eliminating foreseeable consequences as a test of proximate cause, *except where an independent, responsible, intervening cause is involved.*" (Emphasis added.) 38 Am. Jur. 709, § 58, quoted in *Blunt v. Spears*, 93 *Ga. App.* 623 (92 S.·E. 2d 573). Where such conditions occur, it is sufficient if the defendant, in ordinary prudence, might have foreseen that some injury would result from his act, but it is not necessary that he should have anticipated the particular consequences which ensued. *Williams v. Grier*, supra, p. 337; *Henderson v. Nolting First Mortgage Corp.*, 184 *Ga.* 724, 737 (193 S. E. 347, 114 A. L. R. 1022). If the allegations of this petition were sufficient to show that the employees of the defendant gas company, in leaving the pipe on the lawn, should in the exercise of ordinary prudence have been aware that they were creating a situation which, in connection with the use of a lawnmower in the manner in which it was used, they should have anticipated would be dangerous to persons in the vicinity, then the petition would set out a cause of action and the intervening force represented by the use of the lawnmower, being the very force to be

anticipated and guarded against, would not break the causal connection between the original act and the injury inflicted. It is to be noted that it is not alleged that the act of leaving the pipe on the lawn was either illegal or negligent except in connection with the duty to anticipate the act of another in mowing the lawn with a rotary power mower. And while, under proper allegations, it might be possible to allege facts from which the duty to anticipate such act on the part of another, and the resultant creation of a dangerous situation against which the defendant should have guarded in the first instance, would arise, an examination of the petition here shows that the trial court correctly sustained the general demurrer to the petition for the reason that the plaintiff failed to allege facts sufficient to create a duty on the part of the defendant to anticipate and therefore guard against the dangerous situation which in fact developed. The allegation that the presence of the pipe on the lawn was "difficult of detection by an ordinary person, but could have been easily detected by a person experienced in handling such pipes" may have been an attempt to allege that the person mowing the lawn was within that class of persons not knowing of the existence of the pipe, as to whom detection would have been difficult; but it does not allege that May when he drove the lawnmower over the pipe did not know it was there. If, knowing it was there and knowing the consequences of driving the mower blade over it, he nevertheless deliberately did so, his voluntary act should be regarded as the sole cause of injury and the negligence of the gas company would be too remote. See, in this connection, the discussion in *Atlantic Coast Line R. Co.* v. *Coxwell*, 93 *Ga. App.* 159, 166 (91 S. E. 2d 135), in which the facts in the case of *Central of Georgia Ry. Co.* v. *Shepard*, 37 *Ga. App.* 643 (141 S. E. 415) are stated as an example of supervening cause sufficient to constitute the sole proximate cause of the injury, rendering the original act of negligence of the defendant too remote for consideration. It must be assumed that, if May saw the pipe, he would have known the consequences of running over it, because, unless such result was usual and probable in human experience, the gas company could not be charged with a duty to anticipate that such result would occur. Construing the petition against the pleader, it must be assumed that May did see the

pipe and knowingly ran the mower over it; and since the position of the pipe was innocuous except when in contact with the lawnmower, if May knowingly created such situation his negligence would have been the sole proximate cause of the plaintiff's injuries. Also, as in *Blunt* v. *Spears*, supra, a duty may devolve upon one to anticipate that others will be negligent, but the petition here alleges no duty on the part of the defendant to have anticipated that another person would negligently· run the mower over the pipe, thus hurling it out toward the curb, and fails to show that the pipe was concealed and the act was not done deliberately. Another theory under which the defendant would have no duty to anticipate this result, and therefore would be lacking in any negligence toward the plaintiff, which is not negatived by any averments in the petition, is the theory that the pipe was left on the lawn with the consent or perhaps at the request of the owner of the house, in which event there would be no duty to assume that such owner or members of his family would allow the pipe to remain there and create a dangerous situation in regard to it. Counsel for the plaintiff in error cites *Georgia Power Co.* v. *Kinard*, 47 *Ga. App.* 483 (170 S. E. 688), and *Wright* v. *Southern Ry. Co.*, 62 *Ga. App.* 316 (7 S. E. 2d 793), to the effect that mere negligence of another in failing to guard against the defendant's negligence will not insulate him from liability, and that proximate cause means any act wanting in ordinary care which actively aids in producing injury. While this is true, these rules are not applicable where, as here, the only negligence alleged was ˙in failing to foresee and guard against the act of another, which subsequent act created the dangerous situation; but the petition fails to allege either that the defendant negligently concealed the pipe on the lawn, thus creating a trap for the person using it, or that the defendant should have anticipated that such person would be negligent in failing to avoid the obstacle. In the absence of such allegations, no reason appears why the defendant should reasonably have anticipated injury as a result of leaving the pipe on the lawn. Failure to so anticipate injury being the only negligence alleged, and being insufficient for this purpose, the pleaded facts raise no duty on the part of the defendant toward the plaintiff the breach of which would be actionable.

The record here shows no offer to amend this petition in the trial court, nor has a request to allow time for amendment been made in this court (in which connection see Code § 6-1610; *Green* v. *Massee & Felton Lumber Co.*, 6 *Ga. App.* 389, 65 S. E. 44; *Gibbs* v. *Georgia Southern &c. Ry. Co.*, 49 *Ga. App.* 565 (3), 176 S. E. 648).

The trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*