42188. RILEY, by Next Friend v. CENTRAL OF GEORGIA RAILWAY COMPANY.

PANNELL, Judge. 1. Though a standing railway train be an unauthorized obstruction of a public crossing, a person attempting to pass between the cars, if injured thereby in consequence of a sudden movement of the train, cannot recover unless the engineer, conductor, or some other person having control of the train's movements, knew of his attempt to cross or had notice of his exposure to danger. The failure to have someone at the crossing, in the absence of an allegation that such a person at the crossing would be in position to signal or inform those in control of the train's movements, would not amount to negligence. See *Russell v. Central of Ga. R. Co.*, 119 Ga. 705 (46 SE 858), in which the rule stated in the first sentence above was applied in a case where the watchman at the crossing "saw the plaintiff undertake to go between the cars and saw his dangerous situation," but the petition did not disclose that he could signal the engineer or other employees in control of the train's movements, and thus prevent injury to the person attempting to cross.

The additional allegation that in the exercise of ordinary care the defendant should have known of the practice of adults and children of climbing and crawling between the cars when the intersection was blocked by the train "amounts to nothing. The right of the plaintiff to recover depends upon whether any employee who could have controlled the move-

ments of the train knew of his dangerous position, and failed to take proper steps for his protection; and an averment short of *actual knowledge* on the part of such employee would not be sufficient to take the case out of the ruling in the *Andrews* case [*Andrews v. Central R. Co.*, 86 Ga. 192 (12 SE 213)]." *Russell v. Central of Ga. R. Co.*, 119 Ga. 705, 706 (1), supra. The intimation in *Gibbs v. Georgia Sou. &c. R. Co.*, 49 Ga. App. 565 (1) (176 SE 648) that knowledge on the part of the railroad company that persons are in the habit of going between the cars of a train at the crossing, may be sufficient, seems to be in conflict with the ruling of the Supreme Court in the *Russell* case; and here, only constructive knowledge of such fact is alleged.

2. The petition in the present case, a suit for injuries to a 6-year-old child occurring while crawling under a standing train, while alleging that the defendant was negligent in blocking the crossing for an unreasonable amount of time and in failing to post guards along the length of the train when it knew *or in the exercise of ordinary care should have known* of the practice of adults and children at the blocked intersection of climbing and crawling between the cars and in otherwise failing to show a proper regard for the safety of the plaintiff but which did not allege that those in charge of the operation of the train knew of the presence of the plaintiff, or that guards if present, on the occasion in question, could have signaled or otherwise notified those in charge of the operation of the train so as to have prevented the injury to the minor plaintiff caused by the sudden starting of the train as he crawled under the cars, fails to set forth a cause of action. The trial court did not err in sustaining the general demurrer thereto.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

ARGUED JULY 5, 1966—DECIDED SEPTEMBER 6, 1966—REHEARING DENIED SEPTEMBER 20, 1966—

*Vincent P. McCauley*, for appellant.

*Hatcher, Stubbs, Land & Rothschild, Albert W. Stubbs*, for appellee.