ANDREWS *v.* THE CENTRAL RAILROAD AND BANKING CO.

Though a standing railway train be an unauthorized obstruction of a public crossing, a person attempting to pass between the cars by climbing over the platform and bumpers, if injured thereby in consequence of a sudden movement of the train, cannot recover unless the engineer, conductor or some other person having control of the train's movements, knew of his attempt to cross or had notice of his exposure to danger.

November 21, 1890.

Negligence. Railroads. Before Judge RONEY. Burke superior court. June term, 1890.

The petition of Andrews alleged that the railroad company had damaged him $3,000 ; that in October 1888, in the town of Midville, Burke county, in the usual course of business, he had occasion to go from a store on one side of the main street through which the track of defendant ran lengthwise, to a store on the opposite side of the street ; that he proceeded in the customary and proper course, and in doing so, found that a very long freight-train of defendant had stopped in the street and had for a considerable time been standing in the street; that he proceeded until, coming to the point opposite the store to which he was going and at the intersection of another public crossing with the one already mentioned, he proceeded openly and in the presence of the employees of the train to pass between two of the freight-cars about the middle of the train, by climbing upon the projection .or platform of the freight-car ; that it was in the daytime, and he used all proper care and caution in passing between the cars ; that the train had been standing there for a long while, and no indication was given of any intention to start, and it remained standing some time after the injury ; that it was very long and directly across the public crossing, and while he, in the exercise of all due care and caution, was openly proceeding between the cars at the public crossing, the train was negligently, improperly and recklessly, without blowing the whistle, ringing the bell, warning of conductor, or other sign or signal, suddenly and violently bumped and knocked backward a few yards by the engine, forcing the cars together, and in the jolt and jar catching his right foot between the bumpers, violently mashing, bruising. straining, and dislocating it, inflicting great pain and suffering, etc.

Defendant demurred upon the grounds that the
v 86-13

declaration set out no cause of action; was deceptive and void for indefiniteness and uncertainty; showed upon its face that the alleged injury was caused by plaintiff's negligence; and showed that if there was any negligence on the part of defendant, plaintiff could have avoided the consequences thereof by the exercise of ordinary care. This demurrer was sustained, and the plaintiff excepted.

J. R. LAMAR, for plaintiff.

LAWTON & CUNNINGHAM and J. J. JONES & SON, for defendant.

BLECKLEY, Chief Justice.

No doubt the railroad company, on the facts alleged in the declaration (for which see the report), had no right to obstruct the public crossing with its train and delay the plaintiff unduly in his passage along the street from one side of the railway to the other; but the obstruction, and the nature of it, were open and visible, and there is no sufficient reason alleged why the plaintiff should not have anticipated that the train might move at any moment. Nevertheless, instead of waiting for the train to get out of the way, applying for it to be moved, or attempting to go round it, he voluntarily and without warning any one of his intention exposed himself between the cars by climbing upon their platforms adjacent to the bumpers, and was injured. There is nothing alleged from which it can rightly be inferred that his presence and position were known to the engineer or to any person controlling the movements of the train. It is alleged that he proceeded to pass between the cars "openly and in presence of the employees of said train," but it was a very long train, and where he attempted to cross was about the middle of it. Who were the employees present, or what was their relation to the train, is not

stated.   It would be a mere guess to hold that the con-
ductor was one of those present; and it would be an
absurd guess to hold that the engineer was one of the
number, his proper place being upon the locomotive at
the end of the train, and the movement of the cars
which caused the injury being so soon after the plaintiff
exposed himself to danger that the engineer must have
been at his post when that exposure became visible,
even to an immediate bystander.   If the engineer, con-
ductor or any other person whose duty it might have
been to keep the train still while the plaintiff was pass-
ing between the cars, knew that he was so passing, or
had notice of his exposure to danger, it was easy to
allege it.   Why should such a material fact—the only
fact which would give the plaintiff a right to any dili-
gence in his favor when in such a hazardous position—
be left to conjecture or supposition instead of being
plainly and distinctly set forth as a part of the cause of
action ?   Code, §3332.   In the absence of such an aver-
ment, the plaintiff's hurt, by having his foot caught
between the bumpers and crushed, must be attributed
to his own rashness.   It was not error to sustain the
demurrer to the declaration.   Upon his own showing,
the plaintiff was without any legal right to recover.

*Judgment affirmed.*