MARY E. JOHNSON, *Plaintiff in Error,* v. ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Defendant in Error.*

1. A declaration for negligent injuries averring that the railroad company unreasonably detained a freight train with its rear car across the principal street of a village, that the plaintiff was proceeding cautiously and prudently to pass around said car when the train without warning suddenly, swiftly and violently started backwards upon her, is not ill because of failure to aver that the defendant's agents actually saw her in time to prevent the accident.

2. One finding the highway blocked an unreasonable time by a train of cars is not a trespasser upon the railroad's property in passing prudently around the end of the train.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Pasco County.

The facts in the case are stated in the opinion of the court.

*H. S. Hampton* and *Dayton & Dayton,* for Plaintiff in Error;

*Sparkman & Carter,* for Defendant in Error.

COCKRELL, J.—The declaration, in an action for personal injuries, to which demurrer was sustained and judgment final for the defendant was entered consisted of two counts. In the first count the plaintiff avers that near the station in the town of Blanton she was passing along the frequented highway which crossed defendant's track and found a car or caboose attached to a train which was negligently permitted to obstruct the highway, and that while cautiously and prudently proceeding around the rear of the car the defendant without warning caused the car to be suddenly, swiftly and violently started backward, striking her and causing injuries. The second count avers a necessity to cross the track and that the highway was blocked for an unreasonable length of time. From a ruling upon an offer to amend the declaration it appears that the trial court proceeded upon the theory that the plaintiff was a trespasser and that the company owed no duty to her, except to abstain from wilful injury, in other words that it was not negligent unless its servants actually saw her in time to prevent the injury.

This court has never accepted the doctrine as to trespassers, on the contrary it was seriously questioned in

Morris v. Florida Cent. & P. R. Co., 43 Fla. 10, 29 South. Rep. 541. But have we here the case of a trespasser?

It was undoubtedly the Common Law rule that a traveler, finding a highway impassable was permitted to enter upon the abutting land in order to continue his journey, without becoming a trespasser and we can discover no difference in favor of an abutting owner who by positive act effectively obstructs the highway. The plaintiff does not appear to have gone upon defendant's land more than the necessity demanded and at most was but a few feet from the public right of way. Even though the plaintiff may have been guilty of some contributory negligence, she is not deprived of her right of action. Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 South. Rep. 338, and with the statutory presumption of negligence from injury we can not say as matter of law that the declaration shows that the company exercised "all ordinary and reasonable care and diligence strictly commensurate with the exigencies of the occasion and demanded by the relationship that it bears for the time being to the party in question." Morris v. Florida Cent. & P. R. Co., *supra*. The declaration does not disclose that the railroad company was exercising that ordinary and reasonable care due to the plaintiff.

We get little or no aid from the cases cited from other jurisdictions; they are not exactly on the point. Some hold that it is negligent to attempt to pass over cars or couplings, though there is conflict as to this, and in the Georgia case, Andrews v. Central Railroad & Banking Co., 86 Ga. 192, 12 S. E. Rep. 213, BLECKLEY, C. J., speaking for the court suggests that it was the plaintiff's duty to go around the car, as was attempted here.

We think the point practically controlled by the Fox-

worth and Morris cases and the judgment is reversed with directions to overrule the demurrer.

All concur except TAYLOR, J., absent on account of illness.