### SOUTHERN RY. CO. v. COCHRAN.

Circuit Court of Appeals, Fifth Circuit.
November 19, 1928.

Rehearing Denied December 21, 1928.

No. 5283.

A. C. Wheeler and E. D. Kenyon, both of Gainesville, Ga., for appellant.

Sam Kimzey and Hamilton Kimzey, both of Cornelia, Ga., and J. B. Jones, of Gainesville, Ga., for appellee.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. This was an action by appellee to recover damages for personal injuries. According to his allegations and testimony he was injured in consequence of a wire which swung or projected from a car in a moving freight train becoming entangled in his clothing while he was on appellant's right of way in a pathway beside its tracks, which pathway was maintained by appellant, and for many years with its knowledge had been constantly used for their own convenience by pedestrians who had no business or connection with appellant, and to which pathway appellee, after being off it when the front part of the train was passing, returned while the train was passing. The injury complained of was attributed to negligence of those in charge of the train in permitting the wire so to swing or project from a car in the train as to endanger persons using the pathway. Testimony for the appellant tended to prove circumstances showing that the injury to appellee occurred while he was on the side of the track other than that next to the pathway, and was not due to negligence chargeable against the appellant.

We think the evidence was such as to make the question whether appellee was or was not injured in the manner he alleged one

for the jury. If the facts were as indicated by appellee's allegations and evidence, appellant had notice of the probability of one or more pedestrians being in the pathway when a train was passing, and, having such notice, those in charge of the train were bound to use reasonable care to avoid injury to those whose presence in the pathway while a train was passing was reasonably to be anticipated, whether one using the pathway in the customary manner is to be regarded as a trespasser or a licensee. If the danger to one situated as appellee's testimony showed he was, from a wire hanging or protruding from a car in the train, would not have existed or continued, but for the failure of those in charge of the train to exercise the care called for by notice of the probability of some one in the pathway being injured by something projecting from the side of a car in the train, the appellant was chargeable with negligence for failure to avoid danger therefrom to those who might be using the pathway while the train was passing. And under the law of Georgia, if that negligence was a proximate cause of appellee's injury, appellant was liable, though negligence of the appellee was a contributing cause of his injury. Park's Annotated Code of Georgia, § 2781. We conclude that the court did not err in refusing to direct a verdict in favor of appellant.

Affirmed.