474

## SOUTHERN RY. CO. v. MOSELEY.*

Circuit Court of Appeals, Fifth Circuit.
October 29, 1929.

No. 5591.

Sanders McDaniel and E. A. Neely, both of Atlanta, Ga. (McDaniel, Neely & Marshall, Edgar A. Neely, and Sanders McDaniel, all of Atlanta, Ga., on the brief), for appellant.

Geo. Westmoreland and Frank D. Pierson, both of Atlanta, Ga. (Frank Pierson, and Geo. & John L. Westmoreland, all of Atlanta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the appellee, a boy of about 9 years of age, suing by his next friend, against the appellant, to recover damages for personal injuries alleged to have been caused,

*Rehearing denied December 12, 1929.

while appellee was walking on a track of the appellant, by the throwing of a derailing switch on that track when the appellee was on a part of the track where he was exposed to injury by the throwing of the switch, and the injury was attributed to the fault or negligence of an employee of the appellant, who was in charge of the mechanical device by which that switch was controlled, when he saw, or by the exercise of ordinary care should have seen, the appellee and his position of danger at the time the switch was thrown. By assignments of error, appellant complained of the action of the court in allowing an amendment of the appellee's petition, and of the refusal of a motion by the appellant that a verdict in its favor be directed.

The record does not show that the allowance of the amendment to the petition was objected to, or that there was any exception to that action by the court. The assignment of error based on that action is not sustainable.

There was evidence tending to prove the following: Between 8 and 9 o'clock in the morning, while appellee was walking south between the rails of the most westerly of several railroad tracks running north and south in the city of Atlanta, he was injured as a result of one of his feet and the lower part of the leg being caught and mashed in consequence of a derailing switch on that track being thrown while appellee had his foot on the steel rod which extends from one derailer rail point to the other. That was a spur or industrial track, which served industries located west of the tracks. The only switch in that track is the derailing switch above mentioned. The normal position of that switch is that the derailer is kept at derail all the time except when switch engines are entering or leaving that track. While in that position, the switch would derail a car coming from that track. At the time appellee was injured there was nothing on that track, and no train was passing. That switch and switches on other tracks are controlled by means of a device operated electrically from a tower located about a hundred yards north of the above-mentioned derailing switch, an operator in the tower effecting the movement of switches by means of levers. For several years prior to the occurrence in question, the spur track mentioned was constantly used throughout the daytime by pedestrians going in both directions, though there were signs warning people against going on the tracks. The switch operator could see the derailing switch and

persons on the spur track near it from where he sat in the tower when operating switches. Prior to the occurrence in question, frequently he threw that derailing switch while people were walking near it on the spur track, apparently to frighten them.

The above-stated phase of the evidence supported a finding that the appellant had notice of the probability of one or more pedestrians being at any time during the day on the spur track and near enough to the derailing switch to be exposed to injury by the throwing of it. The appellant having such notice, its employee intrusted with the operation of the switching device was under a duty to use reasonable care to avoid injury to those whose presence on the spur track where they were likely to be injured by the throwing of the derailer switch was reasonably to be anticipated by him, though one so using the spur track in the customary way was not a licensee, but was a trespasser. A breach of that duty by appellant's employee while operating the switching device and consequent injury to a pedestrian on the spur track would render appellant liable for the personal injury so caused. Macon & Birmingham Ry. Co. v. Parker, 127 Ga. 471, 56 S. E. 616; Bullard v. Southern Ry. Co., 116 Ga. 644, 43 S. E. 39; Southern Ry. Co. v. Cochran (C. C. A.) 29 F.(2d) 206. There being evidence to support allegations of negligence chargeable against appellant, and a finding that that negligence proximately caused the injury complained of, the court did not err in refusing to direct a verdict in favor of appellant.

We conclude that the record shows no reversible error. The judgment is affirmed.