30384. ATLANTIC COAST LINE RAILROAD CO. *v.* DICKSON.

DECIDED FEBRUARY 4, 1944.

*R. D. Smith, Bennet & Harrell,* for plaintiff in error.

*R. R. Forrester, Farkas & Burt, J. V. Davis,* contra.

SUTTON, P. J. G. W. Dickson sued the Atlantic Coast Line Railroad Company for damages. His petition, as amended, alleged substantially as follows: He is the father of Willis Thomas Dickson, who was born January 18, 1928, and is the head of a family consisting of himself, his wife, and said son; defendant's tracks cross South Ridge Avenue in the City of Tifton which runs north and south; on March 8, 1943, plaintiff's son and another boy were traveling homeward on bicycles along said avenue, and when they arrived at said crossing at 9:15 o'clock p. m., it was blocked by a string of cars, five or six of said cars extending east for approximately 300 feet and six or seven extending west for approximately 350 feet; plaintiff's son and his companion waited for more than ten minutes before making any attempt to cross over to the other side of the track, and then only after they had ascertained that no engine was attached to the train of cars, and that none was in sight from the crossing; they then lifted their bicycles over the coupling between two of the cars on the crossing, and plaintiff's son crouched under the coupling and attempted to cross over to the other side of the crossing; while plaintiff's son was attempting to cross the track, an engine of the defendant backed west toward the crossing and bumped into the standing freight cars, causing them to move and to run over the right leg of plaintiff's son, which necessitated the amputation of the leg below his knee and severed the leaders above his knee and destroyed the use and movement of his knee; the crossing had been blocked for approximately thirty minutes, during which time the train of cars was detached from the engine and had come to a permanent rest with no notice to those using said highway that the cars could or would be moved; the defendant did not ring the bell or blow the whistle [of the engine] in backing same towards the crossing; prior to backing the engine into the standing train of cars, the defendant did not give any notice to plaintiff's son or his companion or to the public using or

having the right to use said avenue, that the standing train would be moved or put into motion; plaintiff's son was in the tenth grade of high school; the City of Tifton had a population of approximately 7000 inhabitants, with a residential section on each side of said crossing, and the public residing in said sections, as well as the general public, frequently used said avenue in going to and from town; plaintiff is entitled to recover the reasonable value of his son's services from the time of the injury until he reached his majority; plaintiff's son was earning at the time of his injury approximately $10 a week and was capable of earning a larger amount, and his earning capacity would increase as he grew older, and plaintiff had been damaged in the sum of $10,000 by reason of the loss of his services; the defendant's negligence was the proximate cause of the injury complained of and the defendant was negligent as follows: (a) the engineer or other employees did not constantly toll the bell of the engine as it approached said public crossing; (b) it did not keep and maintain by its employees a constant and vigilant lookout along the track ahead of its engine while backing towards said public crossing; (c) it did not exercise due care in controlling the movement of said engine so as to avoid injury to persons who might be on said crossing; (d) in blocking the avenue for more than five minutes in violation of an ordinance of the City of Tifton; (e) in failing to anticipate Willis Thomas Dickson's presence and exercising the necessary care for his safety; (f) in blocking said avenue in the manner alleged in the petition and creating a dangerous public nuisance; (h) in failing to give proper and timely warning before moving the train of cars blocking the crossing; (j) in moving the train of cars blocking said crossing without first determining if any one on the avenue who had been prevented from or delayed in crossing the track by reason of its obstruction would be in danger; (k) in that those in charge of the engine in backing towards said crossing failed to blow the whistle or give any other suitable or sufficient warning before backing into the train of cars on the crossing; (l) in failing to cut said train of cars, or to provide some means by which pedestrians might pass over the tracks on said crossing. Judgment was sought in the sum of $10,000.

The defendant filed general and special demurrers to the petition. The grounds of general demurrer were as follows: "(1) Conclu-

sions of the pleader being ignored, said petition sets forth no cause of action in favor of the plaintiff against this defendant; (2) . . said petition shows on its face that the alleged injuries to the plaintiff were caused by his. own negligence and failure to exercise ordinary care and diligence for his own safety; (3) . . said petition shows on its face that the alleged negligence of the defendant created no causal relation to plaintiff's injuries, but that the same were due solely and entirely to his voluntarily assuming a known and obvious hazard without any knowledge of the plaintiff."

The judge overruled the demurrer and the exception here is to that judgment.

■ The grounds of special demurrer, not being argued or insisted upon in the brief of counsel for the plaintiff in error, will be treated as abandoned.

■ The minor son of the plaintiff was injured as he attempted to pass over the tracks of the defendant at a public crossing which was blocked by the defendant's train of freight cars. It was alleged that the crossing had been blocked for approximately thirty minutes by the standing train of cars, and that the plaintiff's son and his companion had waited for more than ten minutes before making any attempt to cross over to the other side of the tracks, and then undertook to do so only after they had ascertained that no engine was attached to the train of cars; nor was any in sight from the crossing where they were. They lifted their bicycles over the coupling between two of the cars on the crossing, and then while the plaintiff's son was in the act of passing under the coupling between the two cars to the other side of the crossing, an engine of the defendant, without any signal, warning, or alarm of any kind being given, backed west towards the crossing and bumped into the standing freight cars, causing them to move suddenly and to injure the plaintiff's.son. The rights, obligations, and duties of railroads and travelers at public crossings are mutual and reciprocal. *Louisville & Nashville R. Co.* v. *Ellis*, 54 *Ga. App.* 783 (189 S. E. 559); Hines *v.* Hoover, 271 Fed. 645, and cit. It is the duty of the railroad to give such warning as is reasonable and timely under the circumstances of the case to prevent injury to travelers using public crossings, and it is the duty of such travelers to exercise ordinary care and diligence for their own preservation and safety. Questions of diligence and negligence, including contributory neg-

ligence, and what negligence constitutes proximate cause of an injury, are ordinarily questions of fact for the jury and will not be solved on demurrer, except where such questions appear clear, plain, and indisputable. But it is the contention of the railroad company that under the allegations of the petition, the plaintiff as a matter of law is barred from a recovery, as his injured son, in attempting to pass over the crossing by crawling between two cars of the defendant's standing train, failed to exercise for his own safety that degree of care imposed upon him by the law; it being contended that he was charged with exercising that care which would have been exercised under similar conditions by an ordinarily prudent adult. The railroad company relies on the principle ruled in *Andrews* v. *Central Railroad and Banking Co.*, 86 *Ga.* 192 (12 S. E. 213, 10 L. R. A. 58) ; *Russell* v. *Central of Georgia Ry. Co.*, 119 *Ga.* 705 (46 S. E. 858), and similar cases, to support its contention that the plaintiff is not entitled to recover under the facts alleged in the petition in the present case.

It has been ruled in effect by our Supreme Court that one who climbs over or under a train of cars, which has made a temporary stop and apparently will move on at any moment, does so at his peril, and cannot recover for an injury caused by a sudden movement of the train, as such conduct on his part shows such a want of ordinary care as to preclude a recovery as a matter of law. *Central Railroad & Banking Co.* v. *Dixon*, 42 *Ga.* 327. In the opinion in *Andrews* v. *Central Railroad & Banking Co.*, supra, it was said : "No doubt the railroad company, on the facts alleged in the declaration (for which see the report), had no right to obstruct the public crossing with its train and delay the plaintiff unduly in his passage along the street from one side of the railway to the other; but the obstruction, and the nature of it, were open and visible, and there is no sufficient reason alleged why the plaintiff should not have anticipated that the train might move at any moment. Nevertheless, instead of waiting for it to be moved, or attempting to go around it, he voluntarily and without warning to any one of his intention exposed himself between the cars by climbing upon their platforms adjacent to the bumpers, and was injured." The principle ruled in the *Andrews* case was followed in *Russell* v. *Central of Georgia Ry. Co.*, supra. These and similar cases, where it was held there could be no recovery by the plaintiffs, are distinguishable on their facts from the case now under consideration. In

those cases there was an engine attached to the train of cars, or so close by on the tracks as to be immediately attached, while in the present case, no engine was attached to the standing freight cars, nor was one in sight from the crossing. In fact, it is alleged that after waiting for more than ten minutes at the crossing the plaintiff's son investigated and ascertained there was no engine attached to the cars; nor could one have been seen from the crossing. There being nothing to cause him to anticipate that the train of cars would be moved immediately, he then undertook to pass over the crossing between two of the standing cars, and while in the act of doing so he was injured by a sudden movement of the cars, caused by the backing of an engine into one end of the standing train of cars without any warning whatever to him. It is to be noted that in the opinion in the *Andrews* case, supra, written by Justice Bleckley, it was said: "And there is no sufficient reason alleged why the plaintiff should not have anticipated that the train might move at any moment." Under the allegations of the petition in this case, there was nothing to put the minor son of the plaintiff on notice that the cars were only temporarily stopped, or that they were liable to be moved at any moment; but on the contrary a sufficient reason is alleged why the plaintiff's son should not have anticipated that the train might move at any time. Some of the cases from other jurisdictions will now be referred to. In Lorenzo v. Atlantic Coast Line Railroad Co., 101 S. C. 409 (3) (85 S. E. 964), it was held: "Where a traveler finding a street crossing blocked by cars, with no motive power attached, waited for twenty-five minutes before attempting to cross under them, the question whether or not he was negligent in attempting to so cross, was properly submitted to the jury." And in Weber v. Atchison, T. & S. F. R. Co., 54 Kan. 389 (38 Pac. 569), the Supreme Court of Kansas ruled, "While the general rule is that those who climb over or under a train of cars which has made a temporary stop, and apparently will soon move on, do it at their peril, yet, in a case where detached cars have been left standing for more than an hour across a public street, one of which is a caboose, and the steps and platform of which are in line with the street, and a person approaching, who has an unobstructed view of that track and sees no locomotive or train thereon, and after using care to discover whether there is danger of the removal of the cars, and finding none, attempts to cross over the platform and steps of the caboose, and is injured, it cannot be held, as a matter of law,

under the circumstances surrounding this case, that such person, in making the attempt, was guilty of contributory negligence." It was held in Cherry v. St. Louis & San Francisco Railroad Co., 163 Mo. App. 53 (145 S. W. 837): "The test as to the amount of care required on the part of the party approaching the cars is fixed by the probability of the cars being moved. A person approaching cars blocking a street crossing, would, in the absence of notice to the contrary, understand that the cars were only there temporarily and should expect them to be moved at any moment and where nothing further is shown, the court should declare as a matter of law that a party who should, under such circumstances, undertake to climb over between two cars without making any effort to ascertain whether or not they were likely to be moved before he could cross, could not recover damages if injured in the attempt; but if a state of facts be shown which makes it to affirmatively appear that there is no reasonable ground to apprehend that the cars will be moved, then it is not negligence as a matter of law to attempt to pass between them."

We are of the opinion that the act of the plaintiff's son in undertaking to pass over the public crossing between the cars of the defendant's train, after he had waited some time at the crossing and had investigated and ascertained there was no engine attached to the cars, or in sight from the crossing, would not bar the plaintiff from a recovery as a matter of law; but that under the allegations of the petition it is a question for a jury to determine whose negligence is responsible for the injuries sustained by the plaintiff's son in the accident complained of.

■ Under the allegations of the petition, as amended, it does not appear as a matter of law that the injuries to the plaintiff's son were the proximate result of his own negligence, or failure to exercise ordinary care, and the court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Felton and Parker, JJ., concur.*