**STANALAND v. ATLANTIC COAST LINE R. CO.**

No. 13700.

United States Court of Appeals
Fifth Circuit.

Nov. 20, 1951.

P. C. Andrews, Sr., P. C. Andrews, Jr., Thomasville, Ga., for appellant.

S. Spencer Bennet, Quitman, Ga., W. W. Alexander, Thomasville, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and RUSSELL, Circuit Judges.

BORAH, Circuit Judge.

This is an appeal in a tort action brought by appellant, Mrs. Mae Stanaland, to recover damages for the wrongful death of her minor son, who was struck and killed by one of defendant-appellee's trains. The appeal is from an order granting a motion to dismiss because the complaint fails to state a claim upon which relief can be granted.

In considering a motion to dismiss the complaint. for failure to state a claim upon which relief can be granted, we must treat every well-pleaded, material allegation of the complaint as admitted. Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F. 2d 865. The complaint, as amended, alleges that at 2:50 A.M., on July 18, 1948, the deceased was going from his home in Boston, Georgia to Arch Hole, a bathing and fishing resort much frequented by the people living in that vicinity; that the only means of approach to the recreation spot was by a footpath between the rails along defendant's elevated track over a fill; that the fill, which extended for approximately 1200 feet over a swamp, was too narrow on top to permit one to stay on it and avoid a

train and there was no place to descend along its entire stretch; that the sides were too steep to get down without falling and the ends of the cross-ties and the sides of the fill were covered with sharp and irregular broken rock and ballast, forming a jagged cliff which was dangerous to climb in the daytime and impossible at night; that the pathway had been continuously and generally used by the people of the vicinity for more than thirty years and this use was known to the defendant and its employees and was allowed without objection; that the train approached at a speed of one mile per minute over a straight track and the deceased was trapped on the elevated stretch of track in full view of the engineer and fireman operating the train; that the engineer was under a duty to anticipate that the deceased would be upon the track at that particular time and place and by the exercise of ordinary, reasonable care and diligence he could have discovered the presence and peril of the deceased and blown the whistle, rung the bell and slowed down or stopped the train so the deceased could have gotten off of the track. The complaint also alleges that the engineer saw the deceased while still one mile distant from him but failed to make any effort to avoid striking the deceased after discovering him in a position of imminent peril and thereby wilfully and wantonly caused the injury.

Cases are generally to be tried on their proofs rather than the pleadings and there was no justification for granting the motion to dismiss the complaint for failure to state a claim unless the averments in the pleading attacked disclosed with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. Leimer v. State Mutual Life Assur. Co., 8 Cir., 108 F.2d 302; Kohler v. Jacobs, 5 Cir., 138 F.2d 440; Carroll v. Morrison Hotel Corp., 7 Cir., 149 F.2d 404; Ware v. Travelers Ins. Co., 9 Cir., 150 F.2d 463; Dollar v. Land, 81 U.S.App.D.C. 28, 154 F.2d 307; Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580.

The test is whether the complaint, construed in the light most favorable to the plaintiff and with every intendment regarded in his favor, is sufficient to constitute a valid claim. Tahir Erk v. Glenn L. Martin Co., supra.

In Georgia it is well recognized that questions of diligence and negligence, including comparative negligence and proximate cause, are peculiarly for the determination of the jury, and will not be determined by the courts as a matter of law except in palpably clear, plain and undisputed cases. Lanier v. Turner, 73 Ga.App. 749, 38 S.E.2d 55; Callaway v. Pickard, 68 Ga.App. 637, 23 S.E.2d 564; Bach v. Bragg Bros., 53 Ga.App. 574, 186 S.E. 711; Atlantic Coast Line R. Co. v. Dickson, 70 Ga.App. 590, 28 S.E.2d 879. The fundamental law of the State concerning acts of negligence is set forth in the Code of Georgia, § 105–603, as follows: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." This duty on the part of the plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence necessarily applies to a situation where there is opportunity to avoid the consequences and does not arise until the negligence of the defendant becomes apparent, or the circumstances are such that an ordinary, prudent person would apprehend its existence. Western & A. R. Co. v. Ferguson, 113 Ga. 708, 39 S.E. 306, 54 L.R.A. 802.

The contention that the deceased was a trespasser and that the only duty owed by the defendant was not to wilfully and wantonly injure him is too broad to be applicable to all cases and under all circumstances. In Bullard v. Southern Railway Co., 116 Ga. 644, 43 S.E. 39, 41. The Supreme Court of Georgia said: "We do not think that any decision of this court can be found where it was held that where a person habitually used a passageway

across the tracks of a railroad company at a particular point, with the knowledge and without the disapproval of the company, it was under no higher duty to him than simply not to injure him willfully after his presence on the track was discovered. On the contrary, exactly the opposite rule has been applied in a case where the trespasser was using the tracks of the company longitudinally at a place where the public were in the habit of passing along the tracks. That case was [Western & Atlantic] Railroad Co. v. Meigs, 74 Ga. [857], 864, and it was there said: '* * * While this habit, even if acquiesced in by the railroad company, would not prevent the deceased from being a trespasser, it was a circumstance which the jury might properly consider in determining whether or not the persons in charge of the train showed proper diligence at the time the killing occurred. Railroad engineers should observe more caution in running at places where they know persons are likely to be on the track than elsewhere, even if those persons are trespassers, and especially is this true when the company has at least tacitly consented to this otherwise unauthorized use of its property by the public.'" See Southern Ry. Co. v. Cochran, 5 Cir., 29 F.2d 206.

Even in cases where the plaintiff by the exercise of ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he may still under Georgia law recover if the negligence of defendant is so gross as to amount to wanton and willful negligence. Lowe v. Payne, 156 Ga. 312, 118 S.E. 924.

From a reading of the complaint in the light of the principles of law set forth above, we are unable to say that the averments disclose with certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.

The judgment of the District Court is reversed and the cause is remanded to that court with directions to overrule the motion to dismiss and for further proceedings not inconsistent herewith.