AGNES HOULE *vs.* CARR-CONSOLIDATED BISCUIT COMPANY.

ELAINE HOULE, *p.a. vs.* CARR-CONSOLIDATED BISCUIT COMPANY.

AUGUST 24, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. These are companion actions of trespass on the case for negligence. The second case is that of a minor child, Elaine Houle, for personal injuries resulting from being burned by a rubbish fire on the defendant's premises, and the first case is that of her mother, Agnes Houle, for consequential damages. The cases were tried together to a jury and resulted in a verdict for the mother in the sum of $5,000 and for the child in the sum of $25,000. The defendant filed a motion for a new trial in each case on the usual grounds. The motions were denied. The defendant excepted and the cases are before us on these exceptions and several others taken before and during the trial.

The defendant's first exception in each case is to the overruling of its demurrer to the first and second counts. As far as the demurrers are concerned the counts in each case are substantially the same, and in disposing of them we shall refer only to the declaration and demurrer in Elaine's case although our decision will apply to both.

The first count of the declaration, after alleging that defendant's premises where the rubbish fire was maintained were in a tenement house district and that the children of the neighborhood were in the habit of entering the premises to watch the fire and/or salvage cookies therefrom, goes on to allege that it was the duty of defendant to exercise reasonable care in controlling the fire so that "the plaintiff and other persons lawfully in the yard in the vicinity of said rubbish fire, by invitation of the defendant and in the exercise of due care, might not be exposed to the danger of serious bodily injury by reason of the unsafe and dangerous condition thereof." The second paragraph of this count alleges that on the day of the accident plaintiff was on defendant's premises "at the invitation of the defendant."

One of the grounds for demurrer is that it appears from this count that plaintiff was a trespasser and not on the premises by defendant's invitation. Another ground is that the count is vague. The plaintiff's legal status in cases like this is very important, for upon it depends the nature of the duty owed by defendant. Consequently the facts showing plaintiff's status should be clearly alleged. They may not be supplied on demurrer by evidence introduced at a later trial. There are at least three kinds of invitations— express, implied and constructive. As there is no allegation of an express invitation, the phrase "at the invitation" must refer to either a constructive or an implied invitation. The allegations in the first paragraph of this count to which we have referred are such as are contained in counts founded upon a *constructive* invitation. That is the basis of the

attractive nuisance doctrine which this court has repeatedly rejected. See *Paolino* v. *McKendall*, 24 R. I. 432, and *Previte* v. *Wanskuck Co.*, 80 R. I. 1. Therefore if a constructive invitation is sought to be alleged the count is fatally defective. This leaves the question of implied invitation. The facts from which an implied invitation may be inferred must be alleged and the mere allegation of "invitation" is a conclusion of law.

In *Beehler* v. *Daniels, Cornell & Co.*, 19 R. I. 49, the plaintiff was a fireman who was injured while on the defendant's premises to put out a fire. At page 51 of the opinion the court stated: "The fourth count seeks to state a case of legal liability by averring an invitation to the plaintiff to enter the premises in question; but, as it is an implied invitation, the declaration, *accurately* drawn, sets out the facts as stated above, from which the invitation is to be implied." (italics ours) From this it is clear that the bare allegation of an "invitation" was considered a mere conclusion of law. In *Williamson* v. *Norfolk & W. Ry. Co.*, 22 F.Supp. 518, the court at page 521 said: "The mere allegation that the deceased was invited to use the trestle as a walkway is not sufficient to constitute him an invitee. Facts sufficient to show the relationship of an invitee should be established, and not a mere allegation that he was such invitee."

We are of the opinion that the allegation here under consideration is a mere conclusion of law without essential supporting facts well pleaded. With this allegation out of the first count plaintiff was alleged to be a mere trespasser or licensee to whom defendant did not owe the precise duty of an invitee as therein alleged. The demurrer to the first count in each case therefore should have been sustained.

The second count, after reciting the general facts as in the first count but without stating facts to support any sort of invitation, alleges that defendant's agent or servant after observing plaintiff in close proximity to the unenclosed

rubbish fire and in a position of peril was guilty of willful, wanton and reckless conduct in walking out of the yard without taking any precautions for her safety. The defendant demurred to this count on several grounds, among them that it does not appear that defendant was guilty of willful, wanton and reckless conduct toward plaintiff, and that the allegation that defendant was guilty of such conduct is a conclusion of law. The plaintiff should have alleged the facts from which the court could determine whether defendant's conduct could be characterized as willful, wanton and reckless.

In *Universal Concrete Pipe Co.* v. *Bassett,* 130 Ohio St. 567, the court stated at page 573: "An act or omission does not become wanton at the whim or caprice of the pleader, any more than a threatened injury in a suit for injunction becomes irreparable simply because the pleader says so. Facts must be pleaded which reveal on their face the element of wantonness, and they must be proved as pleaded."

In the instant case we are of the opinion that plaintiff's allegation that defendant was guilty of willful, wanton and reckless conduct is based on mere conclusions or conjecture rather than on well-pleaded facts. As a matter of pleading the minor plaintiff, for all that appears in this count, may have been almost twenty-one years old and able to care for herself. There is an allegation that she was standing in close proximity to a fire but there are no allegations of facts to show how close and no attempt is made to describe the nature and extent of the fire so that the court could determine the validity of the legal conclusions. Thus plaintiff's allegation that she was in a position of danger is a mere conclusion, opinion, or conjecture. The court was not warranted in concluding that defendant was guilty of willful, wanton and reckless conduct merely because defendant's agent is alleged to have walked out of the yard without taking any precautions for plaintiff's safety, since that also is a conclusion which is based on other statements of opinion

■ conclusion and not on facts well pleaded. The demurrer to the second count in each case should have been sustained.

The plaintiff does not appear to defend either count as to these defects, but claims that because her bill of particulars gave defendant the facts upon which she relied to prove an implied invitation defendant suffered no prejudice and that in such case after trial we should not reverse on those grounds. She relies upon general laws 1938, chapter 542, §12, which provides that erroneous rulings made before trial shall not be grounds for reversal unless the supreme court finds the verdict was erroneously affected thereby. If the first count was the only count that went to the jury there might be something in this claim, but the bill of particulars did not inform defendant of the essential facts missing from the second count.

■ In place of trying to defend the second count, plaintiff argued that she could recover upon proof of *ordinary* negligence, relying on the so-called Michigan rule of discovered peril adopted by the American Law Institute in its Restatement, Torts, §§337-339.

We are in agreement with the following statement in *Universal Concrete Pipe Co.* v. *Bassett,* 130 Ohio St. 567, at page 580: "A party is either guilty of wanton misconduct or he is not, and to permit a litigant to gamble with wanton misconduct until he sees he is going to lose, then fall back upon his action for ordinary negligence is subjecting the party sued to a hardship the law never intended."

Had the plaintiff in each case intended to rely upon the Restatement rule of discovered peril, she should have asked the superior court for permission to amend the declaration by adding a count based on that rule.

The other challenged rulings may never occur at the new trial if one is had, so we do not consider them.

The defendant's first exception in each case is sustained,

and each case is remitted to the superior court for further proceedings.

*Edward J. McCaughey,* for plaintiffs.

*Swan, Keeney & Smith, John B. Dillon,* for defendant.