150 A.2d 643 (1959)
Sophie T. ZOUBRA
v.
NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.
Ex. No. 9954.
Supreme Court of Rhode Island.
April 23, 1959.
*644 William R. Goldberg, Ronald R. Gagnon, for plaintiff.
William J. Carlos, for defendant.
CONDON, Chief Justice.
This is an action of trespass on the case for negligence. The case is here on the plaintiff's exception to the decision of a justice of the superior court sustaining the defendant's demurrer to the declaration.
The declaration contains three counts. It is alleged in each count that defendant operated a railroad and maintained a freight yard known as the Valley Falls yard in the town of Cumberland in this state; that such yard abutted in part on McLaughlin avenue in said town; and that defendant operated trains of cars in the yard and also stored them there temporarily when they were not in use. It is further alleged "that at a point where McLaughlin Avenue ended, the public, for a long time prior to the date aforesaid, had been using said area as a crossing to attain the street on the side of the tracks opposite McLaughlin Avenue, and said crossing was well-marked and delineated from continuous use. The plaintiff further avers that the said defendant, by its servants and agents, well knew that the public was using this area as a crossing, and the said defendant acquiesced in said action by its failure, over a long period of time, to prevent in any manner the said use by the public. The defendant failed to place any signs, barriers, notices, or other forms of prohibition."
It is thereafter alleged in the first count that the defendant had the duty "not to start or move any of its trains of cars on said tracks, so that the same would be propelled across said area abutting McLaughlin Avenue without giving a timely warning and notice that the said cars were to be moved * * *." Then follows an averment of defendant's breach of such duty as a result of which plaintiff, who avers she was lawfully "attempting to cross" the tracks in said area, was run over and injured.
The second count is substantially the same as the first count except that the alleged breach of duty was defendant's failure to maintain "a proper lookout" before starting to move any of its cars on said tracks across the area abutting McLaughlin avenue.
The duty alleged in the third count is substantially different. It is therein averred that it was the duty of defendant to move its cars across the area abutting McLaughlin avenue so that anyone crossing such area in the exercise of due care would not be run over and injured. That duty was alleged to have been breached by defendant in that it "willfully and wantonly, with utter disregard for those persons lawfully on said crossing, who, the defendant, by its servants or agents, knew or by the exercise of reasonable care would have known, were there, did cause a certain train of cars * * * to be suddenly propelled or moved" whereby plaintiff was run over and injured.
The first and second counts raise the inference that defendant permitted the use of its right of way, where it abuts McLaughlin avenue, as a public crossing at least by footpassers. On the strength of such inference plaintiff assumes that while using said crossing in the exercise of due care she was an invitee of defendant by implication. The facts alleged furnish no basis for assuming such a relationship. On the contrary it is obvious therefrom that she was a trespasser or at most a bare licensee. In either relation defendant owed her no duty except not to willfully or wantonly injure her after actually discovering her *645 peril. Boday v. New York, N.H. & H.R.R., 53 R.I. R.I. 207, 165 A. 207.
Whatever the rule may be in other jurisdictions this court has long since adopted the view that in railroad cases the fact that a certain place, where there is no public right of passage, has been used by persons as a crossing does not constitute such place a public crossing. Nor does it confer upon persons using it any other relation to the railroad than that of trespassers. See Boday v. N.Y., N.H. & H.R.R., supra. And while the weight of authority may favor a considerable relaxation of this rule, 167 A.L.R. 1253, there is respectable authority to the contrary. Jackson v. Penn. R.R., 176 Md. 1, 3 A.2d 719, 120 A.L.R. 1068; McCarthy v. Boston & Maine R.R., 319 Mass. 470; 66 N.E.2d 561, Willey v. Maine Central R.R., 137 Me. 223, 18 A.2d 316; Watts v. Atlantic Coast Line R.R., 256 Ala. 352; 54 So.2d 601; 3 Elliott, Railroads, § 1647, p. 494; 44 Am. Jur., Railroads, § 437, p. 659. In any event the view expressed in the Boday case appears to us to be supported by reasons whose cogency convinces us that we should continue to follow it. Only where there are facts which clearly take a case out of the purview of the rule as in Lemieux v. Leonard Construction Co., 73 R.I. 338, 56 A.2d 189, 58 A.2d 625, and Sanderson v. N.Y., N.H. & H.R.R., 87 R.I. 393, 142 A.2d 124, are we persuaded that we should in justice make exceptions to it. Clearly the declaration in the case at bar does not allege such facts.
In the third count plaintiff does not rely upon the relation of invitee. She alleges that her presence on defendant's tracks in the exercise of due care on her part raised a duty on its part not to willfully or wantonly injure her if it "knew or in the exercise of reasonable care would have known" of her presence. No facts are alleged from which the jury could reasonably find that defendant's conduct in moving its train had been willful or wanton.
The mere allegation that it did willfully and wantonly cause its train to be propelled against plaintiff is not an averment of fact but a mere conclusion of law. Such failure to allege facts is fatal. Houle v. Carr-Consolidated Biscuit Co., 85 R.I. 1, 125 A.2d 143. Moreover plaintiff has further failed to allege facts that if proved would show defendant actually knew of her peril. This is an indispensable averment because the law does not impose upon the defendant any duty toward the plaintiff as a trespasser or bare licensee unless it has first discovered her in a position of danger. "If such a person is not seen, although he could have been seen had the railroad maintained a lookout, there can be no recovery because a railroad is under no duty to keep a lookout for trespassers. Their probable presence on the tracks is not such a circumstance which the law requires a railroad to anticipate and reasonably guard against." New England Pretzel Co. v. Palmer, 75 R.I. 387, 394, 67 A.2d 39, 43.
We are of the opinion that each count of the plaintiff's declaration is fatally defective for the reasons above stated and therefore the trial justice did not err in sustaining the defendant's demurrer.
The plaintiff's exception to the decision sustaining the demurrer is overruled, and the case is remitted to the superior court for further proceedings.
ROBERTS, Justice (dissenting).
I cannot agree with the opinion of the majority of the court that the plaintiff is not entitled to recover under the allegations in the first and second counts of her declaration. I think that sufficient facts have been alleged to establish that the plaintiff was at a particular place where the defendant railroad should have anticipated the presence of pedestrians, and therefore the defendant owed to her a duty of reasonable care in the operation of its trains.
As to the allegation in the third count of willful and wanton conduct by defendant, *646 I agree with the majority opinion that the demurrer was properly sustained. Because I agree with the majority as to the insufficiency of the third count and because this issue was scarcely touched upon in the briefs and arguments before us, I will confine my discussion herein to the first and second counts of the declaration.
The first and second counts proceed on substantially the same theory. This theory is that because plaintiff was traveling upon a crossing which continuously, "over a long period of time," and with notice to defendant had been used by members of the general public, defendant owed to her a duty of reasonable care in moving its trains upon the tracks at that point. The argument is twofold: First, that the circumstances indicate an implied invitation to enter upon the premises; and second, that since defendant had ample notice of the use of a limited area as a crossing, reasonable care should have been exercised in the moving of trains regardless of plaintiff's status. As I understand the majority opinion, it deals only with the question of implied invitation and fails to consider plaintiff's second argument.
It has been held in this state that the passive acquiescence of a landowner in the use of his property is not sufficient to constitute an implied invitation. Paolino v. McKendall, 24 R.I. 432, 53 A. 268, 60 L.R.A. 133; Boday v. N.Y., N.H. & H.R.R., 53 R.I. 207, 165 A. 448. There must be affirmative conduct of some kind which can reasonably be construed as an authorization to the public to enter the premises. Reddington v. Getchell, 40 R.I. 463, 101 A. 123. I do not wish to depart from this settled rule, and I therefore agree that under the allegations of the declaration the plaintiff in the case at bar was not an invitee upon defendant's premises. On my view, however, the conclusion that plaintiff was not an invitee by no means disposes of the legal problem in this case.
The general rule is that an owner or occupier of land has no duty to exercise ordinary care with respect to a trespasser and is only required to refrain from willful and wanton conduct after the trespasser has been discovered in a position of peril. Boday v. N.Y., N.H. & H.R.R., supra; Erenkrantz v. Palmer, 69 R.I. 478, 35 A.2d 224. It seems clear to me that the basis for this general rule is that normally a trespasser is not reasonably to be expected on the premises. In most cases a landowner is as a practical matter completely justified in assuming that there will be no trespassers on his property. Therefore no duty is imposed upon him until he discovers that, contrary to the normal expectation, a trespasser is in fact on his property and he is then required to act in such a way as to avoid injuring the trespasser. Erenkrantz v. Palmer, supra.
But where, as in the case at bar, there is ample basis for expecting the presence of the trespasser in the first place, then the general rule has no logical application. In 2 Restatement, Torts, § 334, p. 904, the rule is stated as follows: "A possessor of land who knows, or from facts within his knowledge should know, that trespassers constantly intrude upon a limited area thereof, is subject to liability for bodily harm there caused to them by his failure to carry on an activity involving a risk of death or serious bodily harm with reasonable care for their safety."
In my opinion the general rule as to trespassers assumes the reasonableness of a landowner's expectation that there will be no unauthorized persons upon his premises. Consequently, where, as in this case, the facts indicate that it was unreasonable for the landowner to assume that there would be no trespassers at a particular point upon his premises, I think it is also unreasonable to apply the general rule. For this reason I think it achieves nothing simply to call the plaintiff a "trespasser." I agree with the reasoning adopted in other jurisdictions that in cases of this kind the definition of the plaintiff's status is unimportant, since his presence on the property *647 was reasonably to be anticipated. Brophy v. Milwaukee Elec. Ry. & Transport Co., 251 Wis. 558; Smith v. Boston & Maine R.R., 87 N.H. 246; J. Ray Arnold Lumber Co. v. Carter, 91 Fla. 548; St. Louis & S.F.R. Co. v. Jones, 78 Okla. 204; Louisville & Nashville R.R. v. McNary's Adm'r, 128 Ky. 408; Dent v. Bellows Falls & Saxtons River Street Ry., 95 Vt. 523; Missouri Pacific R.R. v. McKinney, 189 Ark. 69. See also 44 Am. Jur., Railroads, § 437, p. 661; James, Tort Liability of Occupiers of Land: Duties Owed to Trespassers, 63 Yale L.J. 144. The existence of a duty of care in these cases is compelled by the elementary principles of reasonableness of conduct which is the basis of all negligence law.
I cannot accept the conclusion of the majority that the denial of recovery in this case follows from the decision in Boday v. N.Y., N.H. & H.R.R., supra. The opinion of the majority states that the rule of the Boday case is "supported by reasons whose cogency convinces us that we should continue to follow it." As I read the Boday case, the primary reason for the decision is contained in the following language at page 209: "In view of the prohibiting signs posted by the company near the bridge, and the unsuitability of the bridge structure itself for any but train traffic, railroad trainmen would have the right to presume that there would be no trespassers upon either the bridge or the railroad right of way in general * * *." (italics mine) It seems to me that the reasoning of the Boday case applied to the instant case would lead to exactly the opposite result from that reached by the majority herein. Since the first and second counts of the declaration allege facts indicating defendant's knowledge that a particular small area was used as a crossing, the logic of the Boday rule would appear to require the imposition of liability in the instant case.
The defendant places considerable reliance upon the cases in which this court has rejected the so-called "attractive nuisance" doctrine. See Paolino v. McKendell, supra; Plante v. Lorraine Mfg. Co., 78 R.I. 505; Previte v. Wanskuck Co., 80 R.I. 1. I think that those cases are distinguishable from the case at bar. The "attractive nuisance" doctrine applies to liability for conditions upon the land, and the trespassing in such cases is entry upon the land generally. In the instant case defendant was conducting a dangerous activity, and the place at which plaintiff's presence was to be anticipated was a limited area, to wit, a crossing on the tracks. In my opinion the duty which arises here is considerably more confined than that sought to be imposed by the "attractive nuisance" doctrine. See Williamson v. Southern Ry., 104 Va. 146. The plaintiff herein alleges that the public had in fact continuously used the said crossing and that defendant knew or should have known that trespassers frequently had been upon the tracks in the very place where the alleged injury occurred. As I understand it, she is not relying upon an attraction or allurement which would simply create a probability of trespassing. See Wolfe v. Rehbein, 123 Conn. 110, 193 A. 608.
At least in the limited situation presented by the allegations herein I would apply the exception to the general rule stated in 2 Restatement, Torts, § 334, supra. See Southern Ry. v. Moseley, 5 Cir., 35 F.2d 474; O'Leary v. Pittsburgh & Lake Erie R.R., 248 Pa. 4, 93 A. 771; Virginia Midland R. Co. v. White, 84 Va. 498 5 S.E. 57; Hoops v. Thompson, 357 Mo. 1160, 212 S.W.2d 730; Skzypek v. Long Island R., 245 App.Div. 309, 280 N.Y.S. 422; Bellefontaine and Indiana R.R. v. Snyder, 18 Ohio St. 399; Teakle v. San Pedro, L.A. & S.L.R. Co., 32 Utah 276, 90 P. 402, 10 L.R.A.,N.S., 486. See also 44 Am. Jur., Railroads, § 437, p. 659 et seq.; 120 A.L.R. 1076; 167 A.L.R. 1253. *648 It seems to me that the Boday case does not require otherwise. It is my view that the decision reached by the majority of the court in the instant case is not consistent with the principles governing the law in this area and that the rule adopted by the majority of American jurisdictions is more desirable.
Therefore, I am of the opinion that the demurrer to the first and second counts of the declaration should have been overruled.